■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DORDAL, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered December 8, 1975, convicting defendant, upon his plea of guilty, of the crime of burglary in the third degree and sentencing him, as a second felony offender, to a term of imprisonment with a maximum of four years and a minimum of two years. Indicted by the September 1975 Term of the Albany County Grand Jury for the crimes of burglary in the third degree (Penal Law, § 140.20), grand larceny in the second degree (Penal Law, § 155.35) and petit larceny (Penal Law, § 155.25), defendant ultimately pleaded guilty to the burglary charge, a class D felony, in full satisfaction of the indictment. Thereafter, following a hearing on December 8, 1975, he was determined to be a second felony offender and sentenced, pursuant to section 70.06 of the Penal Law, to a two to four-year term of imprisonment. On this appeal, defendant initially contends that he was erroneously sentenced as a second felony offender because there was insufficient proof that he had a prior felony conviction. We disagree. To qualify as a predicate felony under the pertinent statute (Penal Law, § 70.06, subd 1, par [b], cl [i]), an out-of-State conviction must be: "of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and could be authorized in this state irrespective of whether such sentence was imposed". In this instance documentary evidence in the record clearly establishes that in 1972 in the State of California defendant was convicted of robbery in the second degree, a crime for which a sentence in excess of one year was authorized. Similarly, the perpetrator of a comparable crime in this State (Penal Law, § 160.05) would also be subject to a sentence in excess of one year. Such being the case, the statutory prerequisites cited above have been established, and defendant was properly adjudged to be a second felony offender. Defendant's remaining contention, that section 70.06 of the Penal Law is unconstitutional in that it improperly delegates legislative power to Legislatures of other jurisdictions and violates the equal protection clause of the Fourteenth Amendment to the Federal Constitution, is likewise without merit. These identical arguments have recently been rejected by the Court of Appeals in *People v*

*Parker* (41 NY2d 21). Judgment affirmed. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.