■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN OSTIN and WILLIAM WIRTH, Appellants.—Appeals by defendant from two judgments (one as to each defendant) of the Supreme Court, Westchester County, rendered September 10, 1976 as to defendant Ostin and September 17, 1976 as to defendant Wirth, convicting each of them of attempted grand larceny in the second degree, upon a jury verdict, and imposing sentences. Judgment rendered September 10, 1976 as to defendant Ostin affirmed. Judgment rendered September 17, 1976 as to defendant Wirth affirmed as to the conviction; judgment reversed as to the sentence, as a matter of discretion in the interest of justice, and case remanded to Criminal Term for resentencing of defendant Wirth in accordance herewith. Since the defendants were represented at the trial by the same attorney, the trial court should have ascertained, on the record, whether each defendant had an awareness of the potential risks involved in that course and had knowingly chosen it (see *People v Gomberg,* 38 NY2d 307). However, since a careful study of the evidence and the role of each defendant establishes that there was no conflict in their interests, a new trial is not required (see *People v Allini,* 60 AD2d 886). The trial court also erred in instructing the jury, in part, that reasonable doubt was "a sound reason, one based on the testimony in the case and one that seems to make sense". The court's charge should have been augmented by the further statement that reasonable doubt can also be found in the lack of evidence (see *People v Gambino,* 52 AD2d 957). However, since the evidence against the defendants was overwhelming there was no significant probability that the error adversely affected their rights or that the verdict would have been different had the error not been committed (see *People v Crimmins,* 36 NY2d 230). Although a new trial is not warranted, defendant Wirth should be resentenced as a first felony offender. Since the previous crime of which he had been convicted would not have been a felony under New York law, it was improper to punish him as a second felony offender (see Penal Law, § 70.06, subd 1, par [b], cl [i]; *People v Olah,* 300 NY 96). In spite of the fact that defendant Wirth did not raise this issue prior to sentencing, we believe the interest of justice warrants the disposition made herein. Hopkins, J. P., Martuscello, Titone and Rabin, JJ., concur.