■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BROOKS, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 4, 1978, convicting defendant on his plea of guilty to robbery in the first degree and, on adjudicating defendant a predicate felony offender, imposing an indeterminate sentence of 8 to 16 years, modified, on the law, to vacate the sentence and defendant's adjudication as a predicate felony offender, and the matter remanded for resentence, and otherwise affirmed. Defendant was sentenced as a predicate felon on the basis of a Florida conviction for grand larceny. The Florida statute made it a felony to steal property with a value equal to or exceeding $100 (Fla Stat Ann, § 812.021). In New York, larceny does not constitute a felony punishable by over one year in prison unless the value of the property stolen exceeds $250 (Penal Law, § 155.30, subd 1). In a memorandum decision filed November 1, 1979, this court remanded for a new predicate felony hearing to determine the monetary value of the stolen property in Florida. That memorandum decision was recalled *sua sponte* on November 8, 1979. Section 70.06 (subd 1, par [b], cl [i]) of the Penal Law defines a predicate felony conviction in pertinent part as a conviction "in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year * * * was authorized and is authorized in this state". Since the Florida larceny as defined by the Florida statute is not an offense punishable in this State by a term of imprisonment in excess of one year, it does not constitute a predicate felony for purposes of sentencing. (See *People v Olah,* 300 NY 96.) Accordingly, defendant's adjudication as a second felony offender must be vacated and the matter remanded for resentencing. Concur—Kupferman, J. P., Fein, Sandler, Markewich and Silverman, JJ.