■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS MARTIN, Appellant. — Judgment, Supreme Court, Bronx County, rendered December 12, 1975, convicting defendant of assault in the second degree and sentencing him as a predicate felon to an indeterminate term of two to four years, unanimously modified, on the law, to vacate defendant's adjudication as a predicate felony offender, strike the provision for a minimum term from the sentence and, except as thus modified, affirmed. As the People concede, with commendable candor, defendant should not have been adjudicated a

predicate felony offender because his previous Federal conviction was for a crime which would not have constituted a felony in New York. To be designated as a predicate felony, an out-of-State conviction must have been for an offense "for which a sentence to a term of imprisonment in excess of one year *** was authorized and is authorized in this state irrespective of whether such sentence was imposed" (Penal Law, § 70.06, subd 1, par [b], cl [i]). The Federal statute under which defendant was convicted (US Code, tit 18, § 659) provides that a term of imprisonment in excess of one year may be imposed for a larceny involving property of the value of $100 or more, while in New York a prison term of more than one year may be imposed only if the value of the stolen property exceeds $250 (Penal Law, § 155.30, subd 1). In determining whether an out-of-State conviction is cognizable as a felony in New York, "It is the statute upon which the indictment was drawn that necessarily defines and measures the crime *** there is a difference between the crime of which [a defendant] was convicted and the 'act' which he may have committed *** a 'crime' is to be measured and limited by the statute which defines it" *(People v Olah,* 300 NY 96, 98, 99). That defendant pleaded guilty to a theft of property valued in the excess of $5,500 is irrelevant since under *Olah (supra),* the elements of the offense as defined in the statute, rather than the specific facts of a particular case, are determinative. Thus, defendant's Federal conviction was not for a crime which would be punishable as a felony in New York and we modify the sentence, which has been served, accordingly. (See *People v Brooks,* 73 AD2d 564.) In view of our determination we need not consider defendant's other challenge to the efficacy of the Federal conviction as a predicate felony. Concur — Sullivan, J.P., Ross, Carro, Silverman and Bloom, JJ.