■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT V. MANINO, Appellant. — Appeal by defendant, as limited by his brief, from two sentences of the Supreme Court, Kings County, both imposed January 30, 1980, upon his conviction of two counts of robbery in the first degree, upon his pleas of guilty. Sentences reversed, on the law, and case remitted to Criminal Term for resentencing in accordance herewith. Just prior to the commission of the instant offenses, the defendant had been convicted, in Federal court, of bank robbery (US Code, tit 18, § 2113, subd [a]). At the time sentences were imposed on the New York offenses, the Federal sentence had not yet been served. The Sentencing Judge held that the Federal bank robbery conviction constituted a predicate violent felony offense, and sentenced the defendant accordingly. Pursuant to subdivision 2-a of section 70.25 of the Penal Law, the defendant's State sentences were made consecutive to the undischarged Federal sentence. The Federal offense of bank robbery contains all of the essential elements of the New York crime of robbery in the third degree. As such, the defendant's conviction under the Federal statute constitutes a predicate felony conviction within the meaning of section 70.06 (subd 1, par [b]) of the Penal Law. The Federal offense, however, contains none of the aggravating elements which, under New York law, elevate the crime of robbery in the third degree to the violent felonies of robbery in the second degree and robbery in the first degree. Consequently, the defendant's conviction under the Federal statute cannot be considered a predicate violent felony conviction under New York law (see Penal Law, § 70.04, subd 1, par [b]; *People v Brooks*, 73 AD2d 564). Insofar as Criminal Term sentenced the defendant on the mistaken belief that he was a second violent felony offender, the sentences must be reversed, and the case remitted to Criminal Term for resentencing. In so holding, we express no opinion as to whether, under the circumstances, lesser sentences would be appropriate. Mention should be made of the contention, advanced by the defendant, that the sentencing Judge erred in concluding that he was required to make the State sentences consecutive to the undischarged Federal sentence. Resolution of the claim turns on the interpretation of two apparently conflicting statutes. Under subdivision 4 of section 70.25 of the Penal Law, added in 1975, a person convicted of a crime in this State, who is subject to an undischarged term of imprisonment imposed previously by a court of another jurisdiction, may, except in circumstances not here relevant, be sentenced either concurrently or consecutively with respect to the undischarged term. Subdivision 2-a of the same section, which was added in 1978, provides that a person sentenced in this State as a second felony offender *must* be sentenced consecutively with respect to any previously imposed indeterminate sentence of imprisonment. At the time subdivision 2-

a was added, no conforming amendment was made to subdivision 4. As a consequence, both sections appear to be applicable, where, as here, a second felony offender is subject to an undischarged indeterminate term of imprisonment imposed by a court of another jurisdiction. In our opinion, subdivision 2-a, as the more recent and more specific enactment, is controlling (see McKinney's Cons Laws of NY, Book 1, Statutes, §§ 238, 398). Our conclusion is bolstered by our examination of the legislative history of subdivision 4. Prior to 1975, at least one court and the Department of Corrections, had come to the conclusion that there was no statutory authority under which a State sentence could be made concurrent with a previously imposed, undischarged Federal term (see *People v Vitale,* 80 Misc 2d 36). The effect of subdivision 4, and related amendments to the Penal Law (see L 1975, ch 782, § 2), was to remove the disadvantage placed upon offenders with undischarged Federal terms, and place them on a more or less equal footing with defendants serving undischarged State terms. In the circumstances, it would be anomalous for us to construe subdivision 4 so as to place defendants with Federal terms in a more favorable position than defendants serving State terms. We conclude, therefore, that subdivision 2-a is indeed applicable to this case, and mandates that any sentences imposed upon the defendant be made consecutive with his undischarged Federal term. Damiani, J.P., Cohalan, Margett and Weinstein, JJ., concur.