OPINION OF THE COURT
Anthony Barriero, J.
The issue this court must resolve at this time is whether or not the defendant, Anthony Tesoriero, is a second felony offender, to be sentenced pursuant to section 70.06 of the Penal Law (CPL 400.21).
The facts of the case may be simply stated. On August 11, 1980, a Nassau County Grand Jury indicted the defendant for the crimes of attempted grand larceny in the third degree (class A misdemeanor) and criminal possession of stolen property in the second degree (class E felony). It was alleged that the defendant knowingly possessed a stolen credit card and attempted to purchase a television set at a Sears Roebuck store by charging the purchase to the stolen card. On February 18, 1981, the defendant, with counsel, appeared before this court and entered a plea of guilty to the second count of the indictment — criminal possession of stolen property, a class E felony, under section 165.45 of the Penal Law. The first count of the indictment was dismissed in satisfaction of the plea to the criminal possession of stolen property charge.
*1056 At the time of the taking of the plea, this court indicated that, if it was determined that the defendant was a prior felony offender, he would be sentenced to a mandatory indeterminate term of imprisonment. However, if such a finding was made, the defendant would have a right to withdraw his guilty plea and proceed to trial. Moreover, if the defendant were found not to be a prior felony offender, the court would sentence him to “a maximum of one year in the Nassau County Correctional Center.”
On April 8, 1981, the defendant appeared in this court for sentencing. At that time, the District Attorney’s office filed a prior felony offender statement, dated March 2, 1981, with regard to this case. The prior felony offender statement alleged that on August 3, 1979 the defendant, Anthony Tesoriero, pleaded guilty to a violation of section 371 of title 18 of the United States Code, in that “the defendant did knowingly and wilfully conspire to commit offenses against the U.S. in violation of T-18, U.S.C. Secs 472 and 473”. Essentially, this conviction was for conspiring to possess and pass as true and genuine 93 counterfeit $20 Federal reserve notes. Upon that conviction the defendant was sentenced to imprisonment for a period of two years, with execution of the sentence suspended and the defendant being placed on probation for three years with the special condition that he “undertake Gamblers Anonymous treatment”.
The People contend that the foregoing conviction in the Federal court constitutes a prior felony offense under the law of New York. Defense counsel, although not controverting the facts of the underlying conviction, maintains the Federal conviction does not constitute a predicate felony and that, therefore, the defendant should not be sentenced as a second felony offender.
Subdivision 1 of section 70.06 of the Penal Law defines a “second felony offender”. Based upon the papers and documentary evidence submitted by both parties, it is clear that all definitional elements of “second felony offender” are met, with one possible exception. That exception is section 70.06 (subd 1, par [b], cl [i]) of the Penal Law which provides: “The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a *1057 sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed”. This section has been interpreted to mean that, to constitute a predicate felony, a conviction in another jurisdiction must be for a crime which would also be a felony under New York law. (Hechtman, 1975 Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.06, 1980-1981 Pocket Part, p 117; see People v Brooks, 73 AD2d 564; People v Meegan, 59 AD2d 576, 578; People v Ostin, 62 AD2d 1004; People v Travison, 59 AD2d 404, 408; People v Mazzie, 78 Misc 2d 1014, 1016.) The burden of proof is upon the People to demonstrate, beyond a reasonable doubt, that the defendant has a predicate felony conviction. (CPL 400.21, subd 7, par [a]; cf. People v Taylor, 86 Misc 2d 445, 447.) It is beyond cavil that a conviction in a Federal court constitutes a conviction “in any other jurisdiction” (People v Mazzie, supra, p 1015, and cases cited therein).
That said, what the court must determine is whether or not the crime of which the defendant was convicted in the Federal court: (1) was punishable by a term of imprisonment in excess of one year; and (2) would constitute a felony under New York law.
Section 70.06 (subd 1, par [b], cl [i]) of the Penal Law requires first that the conviction in the other jurisdiction be “of an offense for which a term of imprisonment in excess of one year *** was authorized”. That is clearly the case here, the defendant having been sentenced to two years’ imprisonment. (See US Code, tit 18, §§371, 472, 473.) The fact that the sentence was suspended and three years’ probation ordered in its stead is of no moment. (Penal Law, §70.06, subd 1, par [b], cl [ii].)
We come therefore to the crucial question: would the Federal conviction here have been a felony under New York State law? The defendant was convicted in the Federal court of conspiracy to commit offenses against the United States (US Code, tit 18, § 371), to wit: uttering counterfeit obligations or securities (US Code, tit 18, § 472), and dealing in counterfeit obligations or securities (US Code, tit 18, §473). Such a conspiracy is of felony *1058 grade. (US Code, tit 18, § 371 — $10,000 fine, five years’ imprisonment or both.) Under New York law, there are several felony level conspiracies. Most appropriate for our purposes here is conspiracy in the fourth degree, that is, conspiring to commit a class B or C felony. (Penal Law, § 105.10, subd 1, a class E felony). The elements of conspiracy, Federal and State, are essentially the same: an intent to commit a certain class of crime, an agreement to do so between two or more persons, and an overt act in furtherance of the conspiracy. (Cf. US Code, tit 18, § 371; United States v Feola, 420 US 671 [intent]; United States v Borrelli, 336 F2d 376, cert den 379 US 960 [agreement]; United States v Floyd, 496 F2d 982, cert den 419 US 1069 [overt act in furtherance]; and United States v Guy, 456 F2d 1157, cert den 409 US 896, reh den 409 US 1002, cert den 409 US 1001, cert den 409 US 1127; with Penal Law, § 105.10, subd 1; and Penal Law, § 105.20.) The issue thus devolves down to whether or not there is a State felony comparable to the Federal felonies of either uttering counterfeit obligations (US Code, tit 18, §472) or dealing in counterfeit obligations (US Code, tit 18, § 473). That question must be answered in the affirmative. The New York State counterpart of section 472 of title 18 of the United States Code is section 170.30 of the Penal Law, criminal possession of a forged instrument in the first degree, a class C felony.
Section 472 of title 18 of the United States Code states: “Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both.” There are four essential elements to be proven in order to sustain a prosecution under this section. First, there must be an intent to defraud by the defendant with regard to the possession or uttering of the particular obligation or security. Secondly, the defendant must actually or constructively possess, pass, or utter such counterfeit obligation or other security. Further, the obligation or other security in *1059 question must actually be falsely made, forged or be counterfeit. Finally, it must be demonstrated that the defendant had actual knowledge that the security was forged, altered or a counterfeit document. These are the four essential elements of proof in a prosecution under section 472 of title 18 of the United States Code. (See United States v Howard, 504 F2d 1281 [intent]; United States v Pitts, 508 F2d 1237 [possession and knowledge].)*
Under New York law, section 170.30 of the Penal Law charges a crime almost identical to the Federal statute just discussed. That section sets forth the elements of criminal possession of a forged instrument in the first degree, a class C felony. Section 170.30 of the Penal Law provides as follows: “A person is guilty of criminal possession of a forged instrument in the first degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.15.”
Under subdivision 1 of section 170.15 of the Penal Law, any “[p]art of an issue of money, stamps, securities or other valuable instruments issued by a government or governmental instrumentality” constitutes a “forged instrument” for section 170.30 purposes. (Note People v Fury, 279 NY 433 — counterfeit Federal reserve bank notes.)
Section 170.30 of the Penal Law has four elements which are identical to the requirements under Federal statute. Section 170.30 requires (1) an intent to defraud, (2) the actual or constructive possession or uttering of an instrument, (3) an instrument that is in fact forged, and (4) actual knowledge by the defendant of the fact that the item is “forged”. The fact that the language in the State statute describes an “intent to defraud, deceive or injure another” (emphasis supplied) does not constitute an additional element not present in the Federal statute. It is clear that the Federal statute specifically requires an intent to defraud with regard to the commission of the Federal offense. The additional language in the State statute, “intent to * * * *1060 deceive or injure another”, is merely an elaboration of the statutory concept of intent. There is nothing in the statute or in the legislative history to indicate that the language “deceive or injure another” was intended to add different or distinct elements; this court deems it a demonstration of the Legislature’s desire to adequately describe the element of intent.
As with the Federal statute, section 170.30 of the Penal Law does not have incorporated in it a concept of conspiracy. However, section 105.10 of the Penal Law, conspiracy in the fourth degree, states that a person is guilty of conspiracy when, with the intent that conduct constituting a class B or class C felony be performed, he agrees with one or more persons to engage in or cause the performance of such conduct. Therefore, under New York law, if an individual agrees with another person to commit a class B or class C felony, that individual would be guilty of conspiracy in the fourth degree. Under the Penal Law, conspiracy in the fourth degree is a class E felony. Thus, a conspiracy to commit the crime of criminal possession of a forged instrument in the first degree constitutes a class E felony under the law of the State of New York.
Based upon the foregoing analysis, the Federal conviction of the defendant in this case is identical to the crime of conspiracy to criminally possess a forged instrument in the first degree. The defendant’s Federal conviction would thus constitute a class E felony under the laws of New York State. Therefore, this court concludes that the prior Federal conviction of Anthony Tesoriero constitutes a predicate felony under subdivision 1 of section 70.06 of the Penal Law. The Federal statutes are completely analogous and have identical elements to the New York statutes defining a conspiracy to criminally possess a forged instrument in the first degree, a class E felony.
The defendant having admitted the truth and veracity of the facts alleged in regard to the certified copy of the Federal conviction submitted by the People, and based upon all of the foregoing, this court finds the defendant, Anthony Tesoriero, to be a second felony offender and, as such, subject to sentencing pursuant to the provisions of section 70.06 of the Penal Law.

 Obviously, to prove a conspiracy to commit this crime, it must he demonstrated that there was an actual conspiracy with regard to the possession or uttering of forged United States obligations or securities. (United States v La Vecchia, 513 F2d 1210.) The elements of conspiracy have already been discussed, supra.