■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY KRUSZESKI, Appellant. — Appeal by defendant, as limited by his motion, from two sentences of the County Court, Nassau County (Lawrence, J.), both imposed October 31, 1980, upon his adjudication as a second felony offender. Sentences reversed, on the law, defendant's adjudication as a second felony offender is vacated, and the matter is remitted to the County Court, Nassau County, for resentencing in accordance herewith. After a hearing the County Court adjudicated defendant to be a second felony offender by order dated October 28, 1980 on the ground that the acts underlying his prior conviction in Connecticut were sufficient to meet the requirements of grand larceny in the third degree in New York, a crime punishable by a sentence in excess of one year. As the People concede, however, it is not possible to say with certainty whether the prior conviction was based on his taking of property of a value in excess of the statutory minimum, or upon an alternative provision in the statute proscribing the taking of a motor vehicle without regard to value. New York's Penal Law, unlike this Connecticut provision, makes no exception for motor vehicles under its general requirement for valuation in theft offenses (see Penal Law, arts 155, 165). The County Court reasoned that the $250 value threshold of subdivision 1 of section 155.30 of the Penal Law was satisfied because the minutes of defendant's plea before the Connecticut court reveal that he acknowledged exchanging a bad check in the amount of $4,100 for a three-year-old automobile. The County Court improperly focused on this admission of fact, however; under section 70.06 (subd 1, par [b], cl [i]) of the Penal Law, the *only acts* adjudicated in the foreign State that may be utilized in determining whether his conviction there was for an offense punishable in this State with a term of imprisonment greater than one year are those which

constitute the crime of which he was convicted as defined by the foreign State's law. Any nonoperative acts alleged in the indictment, established by evidence at trial or admitted in a plea allocution, cannot be considered because such acts were irrelevant to the prior conviction and therefore defendant had no interest in disputing them. (See *People v Olah,* 300 NY 96; *People ex rel. Gold v Jackson,* 5 NY2d 243; *People ex rel. Goldman v Denno,* 9 NY2d 138; *People v Ostin,* 62 AD2d 1004; *People v Brooks,* 73 AD2d 564; *People v Manino,* 81 AD2d 896; *People v Martin,* 81 AD2d 765.) Accordingly, the County Court's determination of second felony offender status must be vacated. Since the court had originally promised defendant a term of imprisonment of one year were he not a prior felony offender, but qualified this commitment upon a consideration of the presentence report, the matter must be remitted to the County Court for resentencing in accordance with this qualified commitment. Mollen, P. J., Gibbons, O'Connor and Bracken, JJ., concur.