THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL AUGLE, Appellant.

Third Department, June 24, 1982

APPEARANCES OF COUNSEL

*Douglas P. Rutnik* (*Shawn D. Flaherty* of counsel), for appellant.

*Sol Greenberg, District Attorney* (*Ilene. R. Bergman* of counsel), for respondent.

OPINION OF THE COURT

CASEY, J.

Following his bargained plea to attempted rape in the first degree, a class C felony, defendant was sentenced on February 25, 1981, as a predicate felon, to an indeterminate term of 7½ to 15 years. Prior to the imposition of sentence, defense counsel controverted the special information submitted by the prosecution which charged a prior felony offense and excepted to the sentencing of defendant as a second felony offender.

Section 70.06 (subd 1, par [b], cl [i]) of the New York Penal Law relevantly provides that the predicate conviction "must have been * * * in any other jurisdiction of an

offense for *which a sentence to a term of imprisonment in excess of one year * * * was authorized and is authorized in this state* irrespective of whether such sentence was imposed" (emphasis added). To be operative, this statute requires not only that a sentence in excess of one year be authorized for the crime committed in the other jurisdiction, but that a sentence in excess of one year also be authorized in this State for that crime, if it were committed here (*People v Dordal,* 55 AD2d 787).

When the foreign conviction is based upon the defendant's plea of guilty, only the elements of the offense defined in the statute of the other jurisdiction can be considered (*People v Olah,* 300 NY 96, 98). The underlying acts or facts not so specified are irrelevant (*People v Martin,* 81 AD2d 765, 766).

The predicate felony herein occurred in California in 1979 and was based on defendant's plea to a violation of section 10851 of that State's Vehicle Code. That section is violated when a person "drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same." Since, under *Olah* (*supra,* p 99), defendant's California crime is required "to be measured and limited by the statute which defines it", the sentencing court herein was precluded from considering the value of the vehicle stolen in California and the amount of restitution that defendant was required to repay, and was further precluded from attempting to find in the acts underlying the California conviction a violation of our felony larceny statutes or of our felony criminal possession of stolen property statutes, all of which require proof of value.

The elements of section 10851 of the California Vehicle Code are matched only by those contained in subdivision 1 of section 165.05 of the New York Penal Law and a violation of that section is specifically defined as a class A misdemeanor, for which the punishment cannot exceed one year (Penal Law, § 70.15, subd 1). Therefore, regardless of the punishment permitted in California for the crime, such conviction cannot, under section 70.06 (subd 1, par [b], cl

[i]) of the New York Penal Law, be considered a predicate felony for purposes of sentencing here (*People v Brooks,* 73 AD2d 564; see, also, *People v Le Grand,* 81 AD2d 945, application for lv to app den 54 NY2d 757). Accordingly, defendant's adjudication as a second felony offender must be vacated and the matter remitted to the County Court of Albany County for resentencing.

The judgment should be modified, on the law, by vacating defendant's adjudication as a second felony offender and by remitting the matter to the County Court of Albany County for resentencing and, as so modified, affirmed.

SWEENEY, J. P., KANE, WEISS and LEVINE, JJ., concur.

Judgment modified, on the law, by vacating defendant's adjudication as a second felony offender and by remitting the matter to the County Court of Albany County for resentencing and, as so modified, affirmed.