■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROYCE LOVETT, Appellant. — Judgment, Supreme Court, New York County (Williams, J.), rendered May 29, 1980, convicting defendant upon his guilty plea of attempted robbery in the first degree and sentencing him as a second violent felony offender to an indeterminate term of imprisonment of 4 to 8 years, modified, on the law and as a matter of discretion in the interest of justice, and the matter remanded for a hearing to determine if defendant is a second violent felony offender, a second felony offender or a first felony offender, and for resentencing on the basis of such determination, and otherwise the judgment is affirmed. During the plea colloquy defendant admitted that while armed with a knife he stole money from Joan Humpreys on January 19, 1980. The plea was entered upon the understanding that defendant would receive a 1½ to 4½ year sentence if he had not previously been convicted of a felony, a 3 to 6 year term if he had previously been convicted of a nonviolent felony, or a 4 to 8 year term if he had previously been convicted of a violent felony offense. At the sentencing proceeding, defendant was advised he had been previously convicted of aggravated assault with a deadly weapon in the Superior Court of Georgia. He was further advised "You may, at this time, challenge the constitutionality of the prior predicate felony". After a conference with counsel, defendant indicated he understood the contents of the prior felony statement and admitted he was a predicate felon. Sentence of 4 to 8 years was imposed upon the premise that the Georgia conviction was for a violent felony. On appeal defendant requests that his sentence be modified or that he be permitted to withdraw his plea, contending that conviction for aggravated assault, as defined by section 26-1302 of the Criminal Code of Georgia (Ga Code Ann, tit 26), is not a predicate violent felony conviction under section 70.04 (subd 1, par [b]) of the Penal Law. As defendant contends, in order to ascertain whether the Georgia conviction for aggravated assault qualifies as a predicate felony we must look at the Georgia statute upon which it was based (*People v Olah,* 300 NY 96; *People v Martin,* 81 AD2d 765). The Georgia statute, in pertinent part read as follows: "26-1302 Aggravated assault. A person commits aggravated assault when he assaults (a) with intent to murder, to rape, or to rob, or (b) with a deadly weapon. A person convicted of aggravated assault shall be punished by imprisonment for not less than one nor more than 10 years. A person who knowingly commits aggravated assault upon a peace officer while such peace officer is engaged in or on account of the performance of his official duties shall upon conviction be punished by imprisonment for not less than five nor more than 20 years." Section 26-1301 of the Georgia Criminal Code defined assault as follows: "26-1301 Simple assault. A person commits simple assault when he either (a) attempts to commit a violent injury to the person of another, or (b) commits an act which places another in reasonable apprehension of immediately receiving a violent injury. A person convicted of simple assault shall be punished as for a misdemeanor." From the face of the Georgia statute it appears that a person may be convicted of aggravated assault without causing an injury. It is not clear whether intent or *mens rea* of any kind is required to convict a person of aggravated assault under Georgia law. Defendant was convicted under subdivision (b) of section 26-1302 of the Georgia statute, involving "assault * * * with a deadly weapon." Defendant did not raise the claims he now asserts to the sentencing court. He suggests that the issues were not raised as a result of the ineffectiveness of his attorney and that he did not waive his claims. While defendant did not preserve the claims he now pursues,

a modification in the interest of justice is properly ordered. An examination of the plea and sentencing minutes indicates that it may well be that defendant was convicted in Georgia of a crime which, if committed in New York, would not constitute a violent felony offense, or perhaps even a felony. The record does not reveal whether defendant "with a deadly weapon" attempted "to commit a violent injury" or "commit[ted] an act which place[d] another in reasonable apprehension of immediately receiving a violent injury" (Criminal Code of Georgia, §§ 26-1301, 26-1302). One cannot determine if defendant was convicted of a crime equivalent to attempted assault in the first degree, a predicate violent felony (Penal Law, §§ 110.00, 120.10, 70.02, subd 1, par [c]), reckless endangerment in the first degree, a predicate felony (Penal Law, § 120.25), or reckless endangerment in the second degree (a misdemeanor). At a minimum it is necessary to go beyond the Georgia statute and examine the indictment and perhaps the plea or judgment of conviction in order to determine if defendant has been convicted of a predicate violent felony. The failure of counsel to investigate the nature of defendant's prior conviction and the absence of any discussion or apparent consideration of the issue at the time of plea and sentence, require a modification in the interest of justice and a hearing to determine if the defendant is a second violent felony offender, and for resentence (CPL 440.20; *People ex rel. Gold v Jackson,* 5 NY2d 243; *People v Martin, supra*). Concur — Sandler, Carro, Asch and Fein, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm. However, if I were to agree with the majority that further inquiry was necessary, this could be accomplished without a hearing and simply by an analysis of the minutes of the original plea hearing, the Georgia record and of the law of Georgia. With that, we would have "the essential resources upon which to evaluate fairly and completely the merits of defendant's contentions." (See *People v Frederick,* 45 NY2d 520, 528.) There is no need for a reversal or a remand for a hearing.