■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CAPPUCCI, Appellant. — Appeal by defendant (by permission) from an order of the Supreme Court, Kings County (Scholnick, J., on the order; Booth, J., on the decision), entered July 1, 1982, which denied his motion pursuant to CPL 440.20 to vacate a sentence imposed August 20, 1980, following his adjudication as a second felony offender. Order reversed, on the law, and motion granted; the sentence imposed August 20, 1980 is vacated and the case is remitted to the Supreme Court, Kings County, for resentencing. On July 17, 1972, defendant pleaded guilty to the crimes of transportation of stolen vehicles (US Code, tit 18, § 2312), and sale or receipt of stolen vehicles (US Code, tit 18, § 2313), in the United States District Court for the Eastern District of Pennsylvania. His adjudication as a second felony offender on August 20, 1980 was based upon his prior Federal convictions. The Federal statutes under which defendant was convicted do not specify a monetary value for the stolen vehicle. To constitute the felonies of grand larceny in the third degree or criminal possession of stolen property in the second degree, it must be established that the value of the stolen property exceeds $250 (Penal Law, § 155.30, subd 1; § 165.45, subd 1). Inasmuch as the critical element of value is not an element of the Federal crimes of which defendant was convicted, said crimes were not necessarily offenses punishable as felonies in New York. The People, with commendable candor, so concede. Defendant's sentence as a second felony offender cannot stand, notwithstanding the fact that the issue had not been raised prior to the time of sentencing (see *People v Ostin*, 62 AD2d 1004). Accordingly, the sentence imposed on August 20, 1980 is vacated and the matter is remitted for resentencing. Titone, J. P., Lazer, Thompson and Weinstein, JJ., concur.