■ The People of the State of New York, Respondent, v Joseph Burgos, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the County Court, Suffolk County (Rohl, J.), imposed March 17, 1982 upon his

conviction of attempted robbery in the first degree, attempted assault in the second degree, and assault in the third degree, after a plea of guilty, the sentence being concurrent terms of imprisonment of 5 to 10 years, 1½ to 3 years and one year, upon his adjudication as a second felony offender. Sentence reversed, on the law and as a matter of discretion in the interest of justice, defendant's adjudication as a second felony offender vacated, and matter remitted to the County Court, Suffolk County, for resentencing consistent herewith. Defendant was convicted in the State of New Jersey of a violation of subdivision e of section 2C:39-9 of the New Jersey Statutes Annotated which provides, in pertinent part: "Any person who knowingly buys, received, disposes of or conceals a defaced firearm, except an antique firearm, is guilty of a crime of the fourth degree." Defendant was subsequently convicted on the instant indictment upon his plea of guilty to several crimes, two of which were felonies. Prior to sentencing, the People filed a statement pursuant to CPL 400.21 which alleged that defendant was a second felony offender by virtue of the prior New Jersey conviction. Defendant advised the court that, upon the advice of counsel, he would not seek to controvert the allegations therein, and he was thereafter adjudged to be a second felony offender and was sentenced accordingly. On appeal, defendant contends that the New Jersey conviction did not constitute a felony conviction for the purpose of a second felony offender adjudication, and that his attorney's advise to the contrary therefore amounted to a deprivation of his right to the effective assistance of counsel. We agree that the prior New Jersey conviction could not be a predicate for his adjudication as a second felony offender. Section 70.06 (subd 1, par [b], cl [i]) of the Penal Law provides: "(b) For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply: (i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed". There is no question that the New Jersey conviction was for a crime for which a sentence to a term of imprisonment in excess of one year was authorized (NJ Stat Ann, § 2C:43-6, subd a, par [4]). However, a comparison of the language of the New Jersey statute with the comparable New York statute (*People v 'Olah,* 300 NY 96; *People v Lovett,* 92 AD2d 472; *People v Kruszeski,* 87 AD2d 638; *People v Martin,* 81 AD2d 765) reveals that the crime would not have constituted a felony under New York law, and a sentence to a term of imprisonment in excess of one year was therefore not authorized in this State (*People v Augle,* 87 AD2d 348). The comparable New York statute, subdivision 3 of section 265.10 of the Penal Law, provides in pertinent part: "Any person who knowingly buys, receives, disposes of, or conceals a machine-gun or firearm, which has been defaced *for the purpose of concealment or prevention of the detection of a crime or misrepresenting the identity of such machine-gun or firearm is guilty of a class D felony*" (emphasis added). Clearly, the New York statute proscribes only the disposition of firearms which have been defaced for a particular purpose. As such, the statute contains an additional aggravating element which is not an element of the crime as defined by New Jersey. Moreover, New York's definition of "firearm" (Penal Law, § 265.00, subd 3) is substantially more restrictive than its New Jersey counterpart (NJ Stat Ann, § 2C:39-1, subd f). Since the elements of crimes as defined in each State do not coincide, we conclude that the crime in question would not have constituted a felony under New York law. Therefore, defendant was improperly sentenced as a second felony offender and is entitled to be resentenced, notwithstanding that he failed to raise the issue prior to sentencing (*People v White,* 96 AD2d 541; *People v Cappucci,* 94 AD2d 746; *People v Lovett,* 92 AD2d 472; *People v Ostin,* 62 AD2d 1004). In

view of this determination, we need not decide whether defendant's failure to have raised the issue prior to sentencing, on the advice of his attorney, amounted to a deprivation of his right to the effective assistance of counsel. Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.