OPINION OF THE COURT
Joseph M. Lane, J.
This is a matter of first impression construing whether a defendant’s guilty plea in the Federal court to two counts of an indictment charging bank robbery and use of a firearm to commit a felony (the bank robbery) can be read together and used in the State court to determine if he is a persistent violent felony offender.
*856 On February 28, 1984 after trial the defendant Allan Simon was found guilty by a jury of attempted murder in the first degree (Penal Law, §§ 110.00, 125.27) and aggravated assault upon a police officer (Penal Law, § 120.11) occurring on April 8, 1982 in the County of Kings involving the shooting of Detective William Wright, New York Police Department.
On April 12,1984 a hearing was conducted to determine whether the defendant is a persistent violent felony offender as to the latter count of aggravated assault upon a police officer (Penal Law, § 120.11) based on the Federal conviction and two earlier felony convictions in the State court pursuant to CPL 400.15 and 400.16. Prior to the hearing, as required by statute, the District Attorney filed a statement with the court setting forth the date, place and period of incarceration for each of the defendant’s alleged predicate violent felony convictions.
The principal issue raised in this hearing warranting this court’s consideration is to determine if the defendant’s conviction in the Federal court for bank robbery under section 2113 (subd [a]) of title 18 of the United States Code and use of a firearm to commit a felony under section 921 (subd [a], par [3]) and section 924 (subd [c], par [1]) of title 18 of the United States Code constitute a violent felony offense under New York State law when taken together. If this position is sustained the defendant would have to be sentenced as a persistent violent felony offender in accordance with section 70.08 of the Penal Law. To resolve if there is any merit to this position the court did examine into the facts and circumstances of the Federal conviction.
On August 19, 1975 the defendant appeared in the United States District Court for the Southern District of New York and entered guilty pleas to count one and count three of the indictment (75 Grim 635). Reference to the indictment and the plea minutes spell out the salient terms of the charges and the pleas entered.
Count one of this indictment charged the defendant on or about May 16, 1975 with knowingly, willfully and unlawfully taking by force and violence the sum of $12,049 from Bankers Trust Company located at 177 East Broad *857 way, New York, New York, which bank was insured by the Federal Deposit Insurance Corporation.
Count two of the indictment charged the defendant in committing the aforesaid act willfully, and knowingly did assault a person and did put in jeopardy the life of a person by use of a dangerous weapon, to wit, a firearm. (US Code, tit 18, § 2113, subd [d].)
Count three of the indictment charged that the defendant unlawfully and knowingly used a firearm to commit a felony, which felony is the one charged in count one — the bank robbery. (US Code, tit 18, § 921, subd [a]; § 924, subd [c], par [1].)
On August 19, 1975 the defendant pleaded guilty to count one and count three of the indictment before the Honorable Kevin Duffy in the United States District Court of the Southern District of New York. The defendant allocuted to these counts, responding in detail to questions by the Judge as follows:
MINUTES PAGE 3
“The Court: As to count one, which basically charges that you did knowingly, wilfully and unlawfully take approximately $12,400.00 from a Bankers Trust Company at 177 East Broadway, New York, which bank was then insured by the Federal Deposit Insurance Corporation. How do (you) plead, guilty or not guilty?
“The Defendant: Guilty.
“The Court: Count three — charges that you unlawfully and knowingly did use a firearm to commit a felony, which felony is the one charged in count one, the bank robbery. Guilty or not guilty.
“The Defendant: Guilty.”
MINUTES — PAGES 5 THROUGH 7
“The Court: In fact, did you hold up this bank?
“The Defendant: Yes, sir.
“The Court: Did you have a gun while you were doing it?
“The Defendant: I was in possession of a shotgun at the time of the robbery.
*858 “The Court: Were you alone?
“The Defendant: No.
“The Court: I don’t want to know*who the other people are. What did you do?
“The Defendant: At the particular time of the robbery I had a portfolio case and inside the portfolio case was a sawed-off shotgun. I walked in the bank and walked to the back of the bank where they had the desks, and when I got back there I pulled out the shotgun and told everybody to stand up. At this particular time people that were on the line and at the counter, I told them to move in the back and that was it.”
At the time of the plea in Federal court the defendant’s attorney, Robert Mitchell, Esq., stated to the court (see minutes below) that his client Allan Simon desired to plead guilty to the first and third counts of the indictment but that for reasons of semantics the defendant was disturbed by the contents of count two of the indictment and did not desire to plead to that count. The attorney observed: “I also explained to him that your Honor would question him as to what he did, and in giving the facts, as he related them to me, to the court, it would be obvious that technically he was guilty of violating count 2, but he still persists in his plea, and I just want to state it for the record.”
The defendant asserts that neither of the counts to which he pleaded guilty in the Federal court constitutes a violent felony offense under New York State law. It is his contention that the plea to the bank robbery under count one parallels robbery in the third degree (Penal Law, § 160.05) under New York State law which has not been designated a violent felony offense (People v Manino, 81 AD2d 896). Further, he claims that the guilty plea to the third count of knowingly using a firearm to commit a felony does not make out a violent felony offense under State law.
The defendant reasons that each of the counts must be taken separately and that, therefore, no violent felony offenses can be made out. Standing alone, defendant asserts, each count lacks an essential ingredient making it a violent felony offense.
*859 In this reasoning the defendant is in error. The court is warranted in construing the facts and the law so as to take into consideration the total act perpetrated by the defendant (People v Dippolito, 88 AD2d 211, 214). It is not required to function in a vacuum. The court is justified in looking at the entire course of conduct of the defendant and evaluating his full plea in determining whether he committed a violent felony offense. It would be illogical to seek to separate the ingredients of the crimes committed in order to defeat the intent of the Legislature to impose additional punishment on persons found to commit repeated violent crimes. The deed committed has to be read as a single act in harmony with the full plea entered by the defendant. The minutes of the plea clearly show that this defendant entered the Bankers Trust Company, displayed a sawed-off shotgun, and robbed the bank of approximately $12,400.
While he pleaded to two separate counts in admitting his culpability, the defendant acknowledged through the allocution that what he did was one single act — bank robbery with a deadly weapon. It would be sophism to adopt any other conclusion. This is reinforced by reading the portion of the plea minutes (pp 3, 5) where the defendant admitted using a firearm to commit a felony, namely, the bank robbery. The court is entitled to evaluate this admission in the most logical light in reaching a just result. No court is ever required to distort the truth or use a strained application of facts in coming to a decision. The defendant should not be permitted to escape the enhanced punishment of the law as to the finding of guilty on the charge of aggravated assault on a police officer through a legal subterfuge.
The provisions of the law (Penal Law, § 5.00) “must be construed according to the fair import of their terms to promote justice and effect the objects of the law.” This principle of law authorizes the court to employ reasonable interpretations of the law and to avoid strained or over-technical constructions of the penal statutes (People v Gottlieb, 36 NY2d 629; Matter of Onondaga County Dist. Attorney’s Off., 92 AD2d 32).
Applying this rule to the matter before the court adduces the conclusion that the court is warranted in treating the *860 two counts of the indictment to which the defendant pleaded guilty as a single act in determining if the defendant is a persistent violent felony offender. To do otherwise would lead to a result involving a hypertechnical interpretation of the statute, defeating the ends of justice.
In applying the statute the court must be allowed to use its discretion and common sense in interpreting it. In People v Ditta (52 NY2d 657, 660), the Court of Appeals expressed it cogently: “Initially, it should be emphasized that the common-law policy of strictly construing a penal code no longer obtains in this State. The Legislature expressly abolished that rule, and ordained instead that the provisions of the Penal Law be interpreted ‘according to the fair import of their terms to promote justice and effect the objects of the law’ (Penal Law, § 5.00). Although this rule obviously does not justify the imposition of criminal sanctions for conduct that falls beyond the scope of the Penal Law (e.g., People v Sansanese, 17 NY2d 302, 306; People v Wood, 8 NY2d 48, 51), it does authorize a court to dispense with hypertechnical or strained interpretations of the statute (see, e.g., People v Abeel, 182 NY 415, 420-422). Thus, conduct that falls within the plain, natural meaning of the language of a Penal Law provision may be punished as criminal.”
A statute should be applied in its most logical manner. No legal stratagem or unintentional omission of the statute should be condoned by the court. It is respectfully submitted that it is timely for the Legislature to amend the statute to eliminate any future confusion.
Section 70.02 of the Penal Law defines a violent felony offense as applicable to the instant case, to include robbery in the first degree, a class B felony, and robbery in the second degree, a class C felony. The statute (Penal Law, § 70.08) defines a persistent violent felony offender as a person who stands convicted of a violent felony offense after having previously been subjected to two or more predicate violent felony convictions. In section 70.04 (subd 1, par [b], cl [i]) it is stated: “The conviction must have been in this state of * * * a violent felony offense * * * or in any other jurisdiction of an offense which includes all of the essential elements of any such felony for which a sentence *861 to a term of imprisonment in excess of one year * * * is authorized in this state”.
The acts committed by the defendant and prosecuted under Federal jurisdiction, when taken together as a single entity, constitute a violent felony offense under New York law. A sentence in excess of one year in prison is authorized in this State for each of the acts for which the defendant was convicted in the Federal jurisdiction. The deed done patterns the State statute of robbery in the first degree (Penal Law, § 160.15) or robbery in the second degree (Penal Law, § 160.10). Each contains the essential ingredient of forcibly taking property while being “armed with a deadly weapon” (Penal Law, § 160.15, subd 2) in the case of robbery in the first degree and “[displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm” (Penal Law, § 160.15, subd 4) in the case of robbery in the first degree and also in the case of robbery in the second degree (Penal Law, § 160.10, subd 2, par [b]).
A reasonable evaluation of the facts presented and a prudent application of the law leads inexorably to the finding that the defendant’s Federal plea to bank robbery and use of a weapon to commit a felony (the bank robbery) constitutes a violent felony offense under New York law, thereby making the defendant a persistent violent felony offender in view of his additional prior State convictions.
This court distinguishes its ruling from the principle set forth in the landmark case of People v Olah (300 NY 96) and its progeny. There the Court of Appeals established the rule that a conviction for a crime committed in a foreign jurisdiction must be examined in light of the statute of that jurisdiction to measure the specific nature of the offense; for example, whether it is a felony in the New York jurisdiction. (People v Martin, 81 AD2d 765; People v Augle, 87 AD2d 348.) In other words, it is the statute upon which the indictment is drawn that necessarily defines and measures the crime. Under Olah if the statute in the foreign jurisdiction does not make out a felony under New York law then the conviction cannot be treated as such in this jurisdiction.
*862 However, this is not the issue before the court in the instant case. Rather, the question here is the authority of the court to consider the two counts of the Federal indictment (to which the defendant pleaded guilty) as a single transaction for violent predicate felony sentencing purposes only as opposed to two separate offenses.
This court finds support for its single transaction position in an analogous matter, Simpson v United States (435 US 6) where the United States Supreme Court refused to apply a separate statute (US Code, tit 18, § 924, subd [c]), providing for additional enhanced punishment for two separate robbery convictions of the Commercial Bank of Middleboro, Kentucky, where the acts perpetrated involved the use of firearms. The original statutes (US Code, tit 18, § 2113, subd [a]), provided for its own increased punishment when robbery is committed by the use of a dangerous weapon or device (US Code, tit 18, § 2113, subd [d]). The court reasoned that a defendant could not receive an additional consecutive penalty under section 924 (subd [c]) of title 18 in a Federal prosecution growing out of a single transaction of bank robbery with firearms where the same proof is required to support convictions under both statutes — since the more specific statute (§ 2113, subd [d]) had precedence over the general statute (§ 924, subd [c]). The court, looking to the congressional history of the statute in reaching its decision said “this court has steadfastly insisted that ‘doubt will be resolved against turning a single transaction into multiple offenses.’ ” (Simpson v United States, 435 US 6, 15, supra.)
The single transaction principle applicable to punishment under Simpson (supra) is equally relevant to plea matters covering the instant case. The rationale of the Supreme Court decision fits the single transaction conclusion reached by the court herein (cf. United States v Lott, 681 F2d 1371).
Finally, the defendant contends that even if he were found to be a violent felony offender in the instant case, he may not be considered a persistent violent felony offender for the reason that his earlier convictions of attempted possession of a dangerous weapon (Penal Law, § 110.00, former § 265.05, subd 2) and his possession of a weapon *863 (Penal Law, former § 265.05, subd 2) were not designated violent felony offenses at the time of conviction in 1969 and 1971, respectively. (People v Crawford, 94 AD2d 950.) In this position the court disagrees.
When the defendant committed the present offense on April 8, 1982, the two weapon convictions had been designated as violent felony offenses under section 2 of chapter 233 of the Laws of 1980, effective on the 60th day after June 13, 1980. It is the date of the current offenses that control, not the time of the original convictions (People v Balfour, 95 AD2d 812).
Also, these convictions may be considered in determining whether the defendant is a persistent violent felony offender since sentences had been imposed not more than 10 years before the commission of the present felony of which the defendant stands convicted, excluding the time during which the defendant was incarcerated (Penal Law, §§ 70.04, 70.08).
The court herewith rejects the defendant’s contention that the statute now designating his weapons convictions as violetit felony offenses constitutes an ex post facto law. In a recent decision (May 17,1984) by the Court of Appeals (People v Morse, 62 NY2d 205) covering five cases it was held that there is no violation of the constitutional ban on ex post facto laws even though a predicate felony was not classified as a violent felony offense when it occurred.
Judge Meyer, writing for the majority observed (People v Morse, supra, pp 217-218): “On similar reasoning, there is no violation of the restriction against ex post facto laws contained in article I (§ 10, cl 1) of the United States Constitution. As the Supreme Court has recognized in Weaver v Graham (450 US 24, 30): ‘Critical to relief under the Ex Post Facto Clause is * * * the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.’ But a sentence as a multiple offender ‘is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one’ (Gryger v Burke, 334 US *864 728, 732; accord People ex rel. Prisament v Brophy, 287 NY 132, 135, cert den 317 US 625; People v Parker, 41 NY2d 21, 26).”
The reasoning behind this conclusion is that the enhanced sentence on the new conviction is warranted due to the seriousness with which society views the repeated criminal acts of a defendant. It does not change or increase the penalty for the earlier crimes.
Accordingly, at the conclusion of the hearing, for the reasons set forth above, the court finds that the People have sustained their burden by proof beyond a reasonable doubt that the defendant is a persistent violent felony offender. The defendant was thereby sentenced to be incarcerated for an indeterminate term of 25 years to life on the count of attempted murder in the first degree. The defendant was sentenced to be incarcerated for an indeterminate term of 20 years to life as a persistent violent felony offender on the count of aggravated assault upon a police officer — both sentences to run concurrent with each other.*

 This written opinion is in amplification of the decision rendered at the time of the hearing and sentence on April 12, 1984. It was written prior to publication of the Court of Appeals decision in People v Gonzalez (61 NY2d 586), which is relevant to the issue herein.