■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE E. GIRALDO, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Suffolk County (McInerney, J.), imposed August 10, 1983, upon his conviction of criminal sale of a controlled substance in the second degree, after his plea of guilty, and his adjudication as a second felony offender.

Sentence reversed, on the law and as a matter of discretion in the interest of justice, defendant's adjudication as a second felony offender vacated, and matter remitted to the Supreme Court, Suffolk County, for resentencing pursuant to CPL 440.20.

In May, 1974, defendant pleaded guilty to the crime of transportation of stolen goods, securities, moneys, fraudulent State tax stamps or articles used in counterfeiting (US Code, tit 18, § 2314) in the United States District Court for the Eastern District of New York. His adjudication as a second felony offender in the instant matter was based upon his prior Federal conviction.

That portion of section 2314 of title 18 of the United States Code, under which defendant was convicted, proscribes the transportation in interstate or foreign commerce, with unlawful or fraudulent intent, of any traveler's check bearing a forged countersignature. To constitute the class D felony of criminal possession of a forged instrument in the second degree, it must be established that the accused was in possession of a "forged instrument" of a kind specified in section 170.10 of the Penal Law with knowledge that it is forged and with intent to defraud, deceive or injure another (Penal Law, § 170.25). Inasmuch as the Federal statute, unlike its alleged New York counterpart, contains no knowledge requirement, the Federal offense for which defendant was convicted was not necessarily punishable as a felony in New York.

Since the elements of the crimes as defined in each statute do not coincide, we conclude that defendant was improperly sentenced as a second felony offender (Penal Law, § 70.06, subd 1, par [b]). Therefore, he is entitled to be resentenced, notwithstanding the fact that he failed to raise the issue prior to sentencing (*People v Burgos,* 97 AD2d 826, 827; *People v White,* 96 AD2d 541, 542; *People v Cappucci,* 94 AD2d 746; *People v Ostin,* 62 AD2d 1004). Weinstein, J. P., Brown, Rubin and Eiber, JJ., concur.