■ The People of the State of New York, Respondent, v Phillip Falcone, Appellant. — Judgment, Supreme Court, Bronx County (Cerbone, J.), rendered January 27, 1983, which convicted defendant, on his plea of guilty, of criminal possession of a weapon in the third degree and sentenced him as a second violent felony offender to an indeterminate term of 2 to 4 years in prison, modified, on the law, on the facts and in the exercise of discretion in the interest of justice, to vacate the sentence and remand for resentencing and otherwise affirmed.

In the colloquy accompanying the entry of defendant's plea of guilty to attempted criminal possession of a weapon in the third degree, it was assumed by the court, counsel and defendant that the defendant had been previously convicted of a felony, the only uncertainty being whether or not the prior conviction was a predicate violent felony conviction under section 70.04 of the Penal Law. It was agreed that if the defendant was a second violent felony offender the sentence imposed would be an indeterminate term of 2 to 4 years' imprisonment, but that if the prior conviction was not a violent felony conviction, the sentence to be imposed would be an indeterminate term of 1½ to 3 years.

On the date fixed for sentence the People filed a predicate violent felony statement based upon defendant's conviction, on a plea of guilty, for violation of section 922 (subd [h], par [1]) of title 18 of the United States Code. The single objection raised to the defendant's adjudication as a second violent felony offender, appropriately abandoned on this appeal, was that the defendant's constitutional rights were violated by the reclassification of this 1976 Federal conviction as a violent felony offense.

However, an examination of the conviction relied upon clearly establishes that it did not constitute a predicate felony conviction under New York law, much less a predicate violent felony

conviction. Section 70.06 (subd 1, par [b], cl [i]) provides that for a conviction in another jurisdiction to be a predicate felony conviction it must be an offense "for which a sentence to a term of imprisonment in excess of one year * * * was authorized and is authorized in this state". Comparable language is used in section 70.04 (subd 1, par [b], cl [i]), defining as here relevant a predicate violent felony conviction.

As the People acknowledge in their brief, it is well-established law that "[i]t is the statute upon which the indictment was drawn that necessarily defines and measures that crime" (*People v Olah,* 300 NY 96, 98; see, also, *People v Martin,* 81 AD2d 765; *People v Augle,* 87 AD2d 348). The Federal statute under which the defendant was convicted, section 922 (subd [h], par [1]) of title 18 of the United States Code, authorizes a conviction for someone who receives "any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The allegedly analogous New York State statute, subdivision (1) of section 265.02 of the Penal Law, does not authorize a conviction for possession or receipt of ammunition with the limited exception of possession of "a bullet containing an explosive substance designed to detonate upon impact". (Penal Law, § 265.01, subd [7].) Accordingly, it seems clear that the predicate violent felony statement filed by the People and relied on by the sentencing court did not establish that the defendant was either a second felony offender or a second violent felony offender.

Although defendant had acknowledged at the time of the plea that he was a second felony offender, and no objection was interposed on his behalf on the ground here found dispositive to his adjudication as a predicate violent felony offender, it would be unjust to permit a sentence to stand that is based upon an erroneous determination of his prior felony status. Concur — Kupferman, J. P., Sandler, Carro and Alexander, JJ.