■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS RODGERS, Appellant.—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered May 25, 1984, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree and, on adjudicating defendant a predicate felony offender, imposing an indeterminate sentence of 2 to 4 years, unanimously modified, on the law, to vacate the sentence and defendant's adjudication as a predicate felony offender, and to remand the matter for resentencing, and, as so modified, the judgment is otherwise affirmed.

The People concede, and we agree, that defendant was improperly sentenced as a predicate felon. His purported predicate offense, a 1975 Federal conviction for theft from an interstate shipment (18 USC § 659), cannot be regarded as analogous to any New York State felony, since the Federal statute requires that the value of the property stolen exceed only the sum of $100 to qualify as a felony. Under New York law, convictions for third degree grand larceny (Penal Law § 155.30, eff until Nov. 1, 1986) and/or second degree criminal possession of stolen property (Penal Law § 165.45, eff until Nov. 1, 1986) contain a monetary threshold of $250 or more as an essential element of the crime. Here, however, since the monetary value for the Federal offense need exceed only $100, defendant's conviction could also constitute the equivalent of the New York misdemeanors of petit larceny (Penal Law § 155.25) or criminal possession of stolen property in the third degree (Penal Law § 165.40, eff until Nov. 1, 1986). Accordingly, the matter must be remanded to the trial court for resentencing *(People v Martin,* 81 AD2d 765; *People v Brooks,* 73 AD2d 564; *see, People v Love,* 111 AD2d 134).

We have examined defendant's claim that he was afforded ineffective assistance of counsel at trial and hold it to be without merit. On the contrary we find that this record "viewed in totality and as of the time of representation, reveal[s] that the attorney provided meaningful representation" *(People v Baldi,* 54 NY2d 137, 147). Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.