■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered April 23, 1984, convicting him of forgery in the second degree and criminal possession of a forged instrument in the second degree, upon a jury verdict, and sentencing him as a second felony offender.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the adjudication of the defendant as a second felony offender and the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for resentencing in accordance herewith.

On July 7, 1980, the defendant entered a plea of guilty to the crime of forgery in the first degree before the Superior Court of Chatham County for the Eastern Judicial Circuit of Georgia. He was adjudicated a second felony offender in the

instant matter based upon his prior Georgia conviction. The Georgia statute under which the defendant was convicted provides that "[a] person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing" (Ga Code Annot § 26-1701 [a]). However, in order to constitute either forgery in the second degree (Penal Law § 170.10) or criminal possession of a forged instrument in the second degree (Penal Law § 170.25), both of which are class D felonies, it must be demonstrated, *inter alia,* that the subject forged instrument was of a kind specified in Penal Law § 170.10. The Georgia statute contains no such requirement. Rather, the elements of the Georgia offense more closely coincide with those of the crimes of forgery in the third degree (Penal Law § 170.05) and criminal possession of a forged instrument in the third degree (Penal Law § 170.20), which are both defined as class A misdemeanors. Accordingly, the Georgia crime for which the defendant was convicted was not necessarily punishable as a felony in New York, and the defendant was therefore improperly sentenced as a second felony offender *(see,* Penal Law § 70.06 [1] [b]; *People v Gonzalez,* 61 NY2d 586, 589; *People v Giraldo,* 106 AD2d 401).

We have examined the remainder of the defendant's contentions on appeal and find them to be without merit. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.