■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT GALLOWAY, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Cacciabaudo, J.), imposed March 29, 1989, upon his conviction of attempted burglary in the third degree, upon his plea of guilty, upon his adjudication as a second felony offender, the sentence being an indeterminate term of from one and one-half to three years imprisonment.

Ordered that the sentence, and the adjudication of the defendant as a second felony offender are vacated, and the matter is remitted to the County Court, Suffolk County, for resentencing.

The defendant contends, the People concede, and we agree, that the court erred in sentencing the defendant as a prior felony offender. The prior felony at issue consisted of receiving stolen property in violation of California Penal Code § 496.1. However, the closest statutory equivalent in New York is Penal Law § 165.40, criminal possession of stolen property in the fifth degree, which is a class A misdemeanor. Because the California offense would be a misdemeanor under New York law, it may not serve as a predicate for the purpose of finding the defendant a prior felony offender (see, Penal Law § 70.06; People v Muniz, 74 NY2d 464; People v Gonzalez, 61 NY2d 586; People v Burgos, 97 AD2d 826). Mangano, P. J., Kooper, Rosenblatt and Ritter, JJ., concur.