■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY KOULLIAS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered June 2, 1982, convicting him of arson in the second degree, reckless endangerment in the first degree (two counts), and attempted grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The court erred in admitting into evidence a wood sample purportedly taken from the fire scene and the test results that it contained traces of gasoline. The People's own expert conceded at trial that the test was invalid since there was a substantial possibility that the sample was contaminated after its removal from the fire scene. Moreover, it was unclear whether the tested sample even came from the fire scene. Material was taken from the scene in one piece, and placed in an envelope. However, the envelope, when opened, was found to contain more than one piece. According to the People's expert the various pieces did not appear to have come from the same source. Nonetheless he tested only one piece. Consequently, even assuming that the sample from the scene of the fire was included, there was no proof as to the source of the other pieces, or whether the tested sample was in fact the one taken from the scene. Under the circumstances there was no basis for drawing any inference from the test sample. Thus, neither it nor the test results should have been admitted (*People v Julian,* 41 NY2d 340, 342-343; *People v Harding,* 59 AD2d 897, 898). The error was not harmless. Aside from the test sample the only evidence of gasoline at the scene was the testimony of several fire fighters and a fire marshal that they detected an odor of a petroleum-based accelerant, which one witness characterized as similar to gasoline. Thus, the test results provided the only specific identification of gasoline and rebutted the defendant's position that an innocuous accelerant such as cooking oil was involved. This error was compounded by a fire marshal's improper expert testimony that the fire was incendiary, i.e., that heavy char indicated "there was [flammable] liquid placed underneath" the seat and tables of the rear booths (*People v Grutz,* 212 NY 72; *People v Vincek,* 75 AD2d 412, 416; *People v Jackson,* 47 AD2d 639). Further error was committed by the prosecutor's recurrent suggestion that defendant's guilt had been predetermined. The first occasion involved the questioning of the fire department battalion chief as to the significance and meaning of a suspicious fire. In a second instance the prosecutor, during his direct examination of an insurance claims examiner, commented that claims were only paid when necessary. Although admonished by the court, the prosecutor continued this theme in summation by interjecting the integrity of the District Attorney's office. While the prosecutor's remarks may have arisen in response to defense counsel's summation concerning an alliance among the defendant's insurance company, the fire department and the District Attorney,

the prosecutor's vouching for the integrity of the District Attorney's office was not justified (*People v McKutchen,* 76 AD2d 934). Such comments suggested that the People's case was more believable because of the public nature of the office. Defendant also challenges his conviction for reckless endangerment in the first degree (Penal Law, § 120.25) on the ground that that penal provision did not contemplate liability for endangerment to fire fighters who respond to the scene of a fire, relying on *People v Buckman* (110 Misc 2d 753). The People, on the other hand, urge adoption of the divergent holding in *People v Rodriguez* (110 Misc 2d 828). Defendant's indictment for reckless endangerment in the first degree was proper. A fire or explosion that injures someone several blocks away constitutes reckless endangerment regardless of the defendant's knowledge or design as to a particular victim (see *People v Graham,* 41 AD2d 226, 227). Fire fighters only differ from other victims in that they are impelled into the zone of danger by public duty. Not only are they as likely to fall victim to reckless acts but their presence may even be more definite and foreseeable than that of a private citizen. Criminal responsibility may arise if the victims are unknown to a perpetrator; it should also arise where the defendant may be expected to know of the risk to fire fighters. Defendant's remaining contentions are without merit. Lazer, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.