■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WILLIAMS, Appellant. — Judgment, Supreme Court, New York County (Patrick W. McGinley, J.), rendered November 12, 1981, convicting defendant of two counts of robbery in the first degree and criminal possession of a weapon in the second degree and sentencing him as a predicate felon to consecutive indeterminate terms of 10 to 20 years on the robbery counts and 4½ to 9 years on the possession count, unanimously modified, on the law, to reverse the sentences and remand the matter for resentencing and otherwise affirmed. ¶ The convictions arose out of two gunpoint robberies of two OTB parlors in Manhattan within a two-week period in October, 1979. Following trial, defendant was sentenced *in absentia* as a predicate felon, based upon a prior Federal conviction on July 22, 1970 under sections 173 and 174 of title 21 of the United States Code. The Federal statute prohibited not only the sale of any narcotic drug but also included within its scope any person who receives, conceals, buys or facilitates in the transportation of any narcotic drug. Thus, the Federal felony statute, applicable to the sale and possession of any amount of any narcotic drug, is quite different from our legislative scheme, which proscribes the sale of a narcotic drug as a class C felony (Penal Law, § 220.34, subd 1), but makes mere possession of an unspecified amount a class A misdemeanor (Penal Law, § 220.03). As conceded by respondent, it was possible to violate the Federal statute under circumstances which, under State law, would constitute a misdemeanor. On that basis, defendant's Federal conviction was not for a crime which would be punishable as a felony in New York and, accordingly, the sentences imposed as a second felony offender were improper and cannot stand, notwithstanding the failure by appellant to raise the issue prior to the time sentence was imposed (*People v Olah,* 300 NY 96; *People v Martin,* 81 AD2d 765; *People v Cappucci,* 94 AD2d 746). Accordingly, inasmuch as defendant was improperly sentenced as a predicate felon, we vacate the sentences and remand the matter for resentencing. We have examined appellant's other contentions and find them lacking in merit. Concur — Sandler, J. P., Sullivan, Fein and Kassal, JJ.