■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GIPSON, Appellant. — Judgment unanimously modified, on the law, by vacating defendant's adjudication as a second felony offender, and otherwise judgment affirmed and defendant remanded to Supreme Court, Erie County, for resentencing. Memorandum: Previously, defendant had been convicted in Federal court in Pennsylvania of the crimes of illegal possession of an article stolen from the mail (18 USC § 1708) and illegal possession of food stamps (7 USC § 2023 [b]). Here, following his plea of guilty to the felony of criminal possession of a forged instrument in the second degree, he was sentenced as a second felony offender. The sentence is improper since the defendant's prior convictions are not predicate felony convictions as defined by statute (Penal Law § 70.06 [1] [b] [i]).

As acknowledged by the People at oral argument, a felony conviction in another jurisdiction does not qualify as a predicate felony conviction for sentencing purposes unless the elements of the crime constitute a felony under the laws of this State (*People*

*v Olah,* 300 NY 96; *People v Burgos,* 97 AD2d 826). Neither of defendant's prior convictions so qualifies. Under New York law, the felony most comparable to the Federal crimes is criminal possession of stolen property in the second degree (Penal Law § 165.45), but an element of that crime is that the value of the property exceed $250. The statute defining the Federal crime of possession of an article stolen from the mail does not require that the article be of any particular value and the statute defining the crime of illegal possession of food stamps requires that the stamps be in excess of only $100. (Appeal from judgment of Supreme Court, Erie County, Francis, J. — criminal possession of forged instrument, second degree.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.