County (John Collins, J.), rendered on May 22, 1984, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Sullivan, J. P., Carro, Fein, Kassal and Rosenberger, JJ.

■ SALLY HAMMER, Respondent, v ARTHUR HAMMER, Appellant. — Order, Supreme Court, New York County (Stanley Ostrau, J.), entered on January 28, 1985, unanimously affirmed, without costs and without disbursements and motion to strike appellant's brief and for other relief denied. No opinion. Concur — Sullivan, J. P., Carro, Fein, Kassal and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMIE LOVE, Appellant. — Judgment, Supreme Court, New York County (Howard E. Bell, J.), rendered April 12, 1983, which convicted defendant, after a jury trial, of two counts of robbery in the first degree and one count of robbery in the second degree, and sentenced him to two concurrent terms of 8 to 16 years and one of 5 to 10 years, unanimously modified, on the law, to reverse and vacate the sentence and remand the matter for resentencing and otherwise affirmed.

Defendant was sentenced as a predicate felon on the basis of a prior Federal conviction for theft of mail matter under 18 USC § 1709 for which he received a sentence of 18 months. To serve as the basis for a predicate felony conviction under Penal Law § 70.06 (1) (b) (i), the Federal conviction must not only have been for an offense for which a sentence in excess of one year was authorized but must also have been for an offense that would have constituted a felony if perpetrated in this State. In determining whether the crime was analogous to a felony under our law, it is the essential elements of that crime, as specified in the Federal statute creating it, that are controlling. (*People v Gonzalez,* 61 NY2d 586; *People v Williams,* 100 AD2d 760.) The Federal statute under which defendant was convicted prohibits the theft of any mail matter, regardless of value, in distinction to the specified monetary value thresholds which are essential elements in raising the crime of larceny to the felony level in this State. Under our Penal Law, the value of the property stolen must exceed $250 to constitute grand larceny in the third degree (Penal Law § 155.30) and must exceed $1,500 to fall within the proscription of grand larceny in the second degree (Penal Law § 155.35). Since the critical element of specified minimum monetary value of the property stolen is not an

element of the Federal crime, that crime cannot be construed as a felony in this State since it is clearly possible to violate that statute under circumstances which would here constitute a misdemeanor. (Penal Law § 155.25; *People v Olah,* 300 NY 96; *People v Cappucci,* 94 AD2d 746.) As is candidly conceded by the People, defendant's prior conviction cannot serve as the basis for a predicate felony conviction, notwithstanding the failure to raise the issue prior to the time sentence was imposed. Accordingly, inasmuch as defendant was improperly sentenced as a predicate felon, we vacate the sentences and remand the matter for resentencing of defendant. Concur — Sandler, J. P., Ross, Bloom, Milonas and Ellerin, JJ.