■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIANO ABREU, Also Known as LUCIANO MIRANDA ABREU, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Brown, J.), rendered February 20, 1981, convicting him of arson in the third degree, upon a jury verdict, and sentencing him as a second felony offender.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. No questions of fact have been raised or considered.

The instant arson prosecution arises out of a fire which broke out in a bar located on Roosevelt Avenue in the County of Queens during the early morning hours of January 6, 1977. The People's case relied heavily on the testimony of two witnesses. The first was Joseph Bradack, who testified that he observed defendant and another man exiting and locking the door of the burning tavern at approximately 5:00 A.M. on the morning of the fire. Bradack based his identification of defendant as one of these men on his one- or two-minute observation of the pair from his taxicab, although he also admitted that the only light in the area was from a streetlamp and that smoke from the burning building was blowing in front of his vehicle at the time he made his observations. The People's other key witness was former Fire Marshal Charles Reddeck, who was properly qualified as an expert witness on the topic of the nature and causes of fires. He testified that he had investigated the scene on the morning of the fire and then described the unusual pattern and course of the fire. He further stated that he had found at the scene a plastic container which appeared to contain a "petroleum-based product" similar to gasoline. The prosecutor then asked the witness whether, in his opinion, the fire was accidental or incendiary. Over repeated objections and requests for a side bar by defense counsel, the court allowed the question, and the witness stated that the fire was incendiary and could not have been accidental.

After the court charged the jury, the People, on behalf of both the People and the defendant, citing the case of *People v Tyler* (14 AD2d 609), requested an instruction that the jury disregard the fire marshal's expert conclusory opinion. This application was denied, as were defense counsel's requests for jury charges on expert testimony and eyewitness identification. Defendant was subsequently convicted. We now reverse and order a new trial.

The trial court clearly erred in allowing the expert witness to testify as to his opinion that the fire was incendiary *(People v Koullias,* 96 AD2d 869; *People v Vincek,* 75 AD2d 412; *People v Tyler, supra),* and in failing to correct this error upon the People's application. While testimony concerning the expert's factual observations is admissible, it has been held under facts similar to those present in the instant case that an expert opinion as to whether a fire was incendiary invades the jury's exclusive province of determining an ultimate fact issue in the case *(see, People v Grutz,* 212 NY 72, 82).

This error was exacerbated by the court's refusal to give an expert witness charge. Such a charge is necessary in order to apprise the jury of its broad discretion to accept or reject any or all of the expert testimony. This error was particularly serious in light of the aforementioned expert opinion testimony which was improperly allowed by the court.

Moreover, we find that the trial court improperly denied defense counsel's request to give a specific and thorough jury instruction on the subject of eyewitness identification. Clearly, in this single-eyewitness case, a complete identification charge was warranted *(see, People v Whalen,* 59 NY2d 273; *People v Bonaparte,* 98 AD2d 778; *People v Daniels,* 88 AD2d 392). In view of the number and magnitude of these errors, we find that defendant is entitled to a new trial.

We further note that defendant was improperly adjudicated a second felony offender, as the Federal statute under which he was previously convicted for smuggling marihuana failed to specify any minimum amount of the drug necessary for a conviction *(see, People v Cappucci,* 94 AD2d 746). Thus, defendant's prior conviction under that statute could have been either a felony or a misdemeanor offense under the New York Penal Law (which bases its misdemeanor felony distinctions upon the amount of the drug), and therefore cannot be used as the basis for sentencing him as a second felony offender *(see, People v Gonzalez,* 61 NY2d 586; *People v Olah,* 300 NY 96; *People v Williams,* 100 AD2d 760). We have considered defen-

dant's remaining contentions and find them to be without merit. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.