■ The People of the State of New York, Respondent, v Marvin Tilman, Also Known as Marvin Redd, Also Known as Melvin Relford, Appellant.—Judgment, Supreme Court, New York County (Harold J. Rothwax, J.), rendered January 18, 1984, which convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and sentenced him, as a persistent violent felony offender, to a prison term of six years to life, consecutive to parole time owed, unanimously modified, on the law and in the interest of justice, to vacate the sentence and impose a sentence of 2½ to 5 years, as a second violent felony offender, consecutive to parole time owed, and otherwise affirmed.

The sentencing of defendant as a persistent violent felony offender (Penal Law § 70.08) was predicated upon a December 1, 1978 conviction in Essex County, New Jersey for that State's crimes of "robbery" (NJ Stat Ann. § 2A:141-1; since repealed) and "carrying a weapon" (NJ Stat Ann. § 2A:151-5; since repealed), and upon another earlier violent felony conviction in New York.

Defendant contends that those New Jersey crimes are not equivalent to violent felonies under New York law and thereby cannot support the imposition of the persistent violent felony offender sentence. While defendant did not raise this issue prior to sentencing, we may consider it in the interest of justice. (See, People v Williams, 100 AD2d 760.)

To serve as a basis for defendant's sentence as a persistent violent felony offender, the out-of-State conviction must be for an offense which includes all the essential elements of a violent felony if committed in this State and for which a sentence of more than one year is authorized. (Penal Law § 70.08 [1]; § 70.04 [1] [b] [i].) To determine whether the foreign

offense does constitute a violent felony under this analysis the foreign statute which defines it must contain all of the essential elements of an analogous New York violent felony and the sentencing court may not look to the actual acts committed by the accused. *(People v Olah,* 300 NY 96.)

The first New Jersey statute under which defendant was convicted (NJ Stat Ann. § 2A:141-1) merely proscribes forcible stealing without any enhanced elements, which is akin to robbery in the third degree in New York (Penal Law § 160.05), which is not a violent felony. (Penal Law § 70.02.)

The second New Jersey statute under which defendant was convicted (NJ Stat Ann. § 2A:151-5) provides for an enhanced penalty for the commission of specified crimes while possessing specified weapons. When the foreign statute renders criminal not a single act but several acts some of which, if committed in New York, would be felonies and some misdemeanors, clarification may be obtained by going beyond the statute and examining the accusatory instrument. The allegations of the accusatory instrument, however, may not be used to enlarge or expand the crime charged, but only to clarify, to limit or narrow the basis for the conviction *(People v Gonzalez,* 61 NY2d 586, 591; *People ex rel. Goldman v Denno,* 9 NY2d 138; *People ex rel. Gold v Jackson,* 5 NY2d 243). The indictment here alleges that defendant and two others had in possession a pistol while committing the crime of robbery. While allegations that defendant and two others committed the crime would be sufficient for a conviction of robbery in the second degree under New York law (Penal Law § 160.10 [1]), they are not essential elements of the New Jersey crime.

It appears, as limited by the allegation in the indictment, that the essential elements of New Jersey Stat Ann. § 2A:151-5 upon which defendant's conviction was predicated were committing robbery while possessing a pistol.

That crime is most analogous to New York's robbery in the second degree, Penal Law § 160.10 (2) (b), which states: "In the course of the commission of the crime [of robbery] * * * [defendant] or another participant in the crime: * * * *[d]isplays* what appears to be a pistol" (emphasis added).

Thus, under the New York statute, an essential element of robbery in the second degree is that the weapon be displayed and that the display actually be witnessed in some manner by the victim. *(See, People v Baskerville,* 60 NY2d 374, 380-381.) In distinction, the element of the New Jersey statute which requires mere possession of a weapon can be satisfied without

the display of the weapon. *(See, State v Cooper,* 140 NJ Super 28, 354 A 2d 713, *revd on other grounds* 165 NJ Super 57, 397 A2d 702, where this crime was committed with the mere possession but without the display of a weapon.)

Thus, an analysis of the elements of the crime, as clarified by the indictment, establish that defendant's New Jersey conviction was not for an offense punishable as a violent felony in New York, as it is possible to violate this New Jersey statute under circumstances which would not constitute a violent felony in New York. *(See, People v Love,* 111 AD2d 134; *People v Williams,* 100 AD2d 760.) Since the requirements for enhanced sentencing have not been met, defendant's sentence as a persistent violent felony offender must be reversed. *(People v Gonzalez, supra.)*

While normally we would remand for resentencing in a case such as this, that is not here necessary since it is clear from the record that the court below promised defendant that he would be sentenced to a term of 2½ to 5 years if he were found to be a second violent felony offender, but not a persistent violent felony offender.

Therefore, we modify the sentence accordingly. Concur—Murphy, P. J., Sullivan, Ross, Kassal and Ellerin, JJ.