■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MAXWELL, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Duskas, J.), rendered May 26, 1982, convicting him of attempted arson in the second degree, arson in the fourth degree and criminal

mischief in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed. This case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

During the course of defendant's trial for arson, two expert witnesses were permitted, over objection, to give opinions that the fires involved were not chemically, mechanically, electrically or naturally caused, thus eliminating all nonsuspect causes. Their testimony in that regard was not violative of the general rule stated in *People v Grutz* (212 NY 72) that an expert witness should not be allowed to testify that in his opinion a fire was incendiary in nature, since it does not actually state a conclusion as to the ultimate issue in the case, i.e., whether or not the fires were intentionally set.

Detective Souza's reference to a statement made by defendant regarding other fires in the area, made in response to repeated questioning by defense counsel, did not result in a violation of defendant's right to a fair trial, particularly since prompt curative instructions were given *(see, People v Santiago,* 52 NY2d 865; *People v Young,* 48 NY2d 995; *People v Patterson,* 83 AD2d 691). As to the propriety of the denial, after a hearing, of defendant's pretrial motion to suppress that and other statements on the ground that they were not voluntarily made after a knowing waiver of his *Miranda* rights, in view of the totality of the circumstances the hearing court was justified in finding that defendant understood his *Miranda* rights and made a knowing and intentional waiver thereof prior to voluntarily making the statements. There was sufficient evidence adduced at the hearing to support the court's finding that defendant was capable of forming the requisite intent.

We have reviewed defendant's remaining contentions and find them to be either without merit or unpreserved for our review. Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.