■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIS RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered February 27, 1985, convicting her of arson in the second degree and reckless endangerment (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Fire Marshal Smith's testimony that based upon his investigation, he had eliminated "to a reasonable degree of scientific certainty" all possible "natural" and "accidental" causes of the fire, was entirely proper *(see, People v Maxwell,* 116 AD2d 667, 668). At no point did Smith testify that in his opinion the fire was incendiary in nature, or that it was intentionally set. As a result, the rule that this ultimate question of fact is exclusively for the jury to determine was not violated *(see, People v Maxwell, supra).*

Smith's testimony that debris which he found at the point of origin of the fire "smelled of gasoline" was not objected to by the defendant at trial. Thus, her present contention that this testimony improperly suggested that the cause of the fire was incendiary has not been preserved for appellate review *(see, People v Donovan,* 59 NY2d 834, 836). In any event, this testimony was an appropriate factual observation made by Smith regarding the condition of the premises which he inspected *(see, People v Grutz,* 212 NY 72, 82; *People v Abreu,* 114 AD2d 853, 854).

The defendant's claim that Fire Marshal Smith improperly bolstered his testimony that the debris smelled of gasoline by referring to similar testimony which he made at a previous trial has also not been preserved for appellate review *(see, People v Love,* 57 NY2d 1023, 1025; *People v West,* 56 NY2d 662, 663). In any event, this claim is unsupported by the record.

The defendant's contention that the trial court prejudicially

suggested prior criminal involvement by her by referring to the "previous case", is also unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Chapman,* 97 AD2d 381, 382). In any event, the defendant's claim that she was substantially prejudiced by this remark clearly lacks merit in view of the fact that defense counsel had already referred to the defendant's previous trial in his opening statement, and continued to do so while cross-examining the People's witnesses, while eliciting testimony from his own witnesses, and during his summation.

The defendant's claim that the prosecutrix improperly asked the jury to speculate on her motive for committing the arson is similarly unpreserved for appellate review *(see, People v Young,* 123 AD2d 366, 367, *lv denied* 68 NY2d 919). In any event, the prosecutrix did not ask the jury to improperly speculate, but she rather properly stayed "within 'the four corners of the evidence' " during the entirety of her summation *(People v Ashwal,* 39 NY2d 105, 109).

We have reviewed the defendant's other contentions and find them to be without merit. Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.