■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN BEHRMAN, Appellant.—Judgment, Supreme Court, New York County (William Davis, J.), rendered September 28, 1987, convicting defendant, upon a plea of guilty, of tampering with physical evidence (Penal Law § 215.40 [2]) and falsifying business records in the first degree (Penal Law § 175.10), and sentencing him, as a second felony offender, to an indeterminate prison term of from 1½ years to 3 years, unanimously modified, on the law and facts, to reverse and vacate the sentence and remand the matter for resentencing, and otherwise affirmed.

Defendant was sentenced as a second felony offender on the basis of a June 27, 1975 Federal conviction for the crime of "making a false statement to a licensed firearms dealer for the purpose of acquiring a firearm", in violation of 18 USC § 922 (a) (6). This felony conviction served as a predicate for enhanced sentencing pursuant to Penal Law § 70.06 in the instant matter. Because it fails, however, to meet the require-

ments for predicate felony status, we modify the judgment to the extent of vacating the sentence.

A predicate felony conviction for either a Federal or out-of-State crime must be based upon a statute whose elements are equivalent to those of a specific felony in New York. *(People v Gonzalez,* 61 NY2d 586, 589.) Here, the People have claimed that 18 USC § 922 (a) (6) is, for the purposes of predicate felony status, equivalent to Penal Law § 175.35. Our examination of the Federal statute, however, reveals that it does not contain various elements which comprise the analogous felony in New York. 18 USC § 922 (a) (6) reads as follows:

"It shall be unlawful * * *

"(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter".

The New York State felony (Penal Law § 175.35) provides: "A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public officer or public servant."

Thus, as distinct from the New York statute, it is possible to violate the Federal statute without (1) a written instrument; (2) an offering of the false statement to a public office or public servant; (3) the filing of the false statement with such public office or public servant; or (4) the intent to defraud the State or any political subdivision thereof. Accordingly, the Federal statute cannot be utilized as a predicate felony. *(People v Love,* 111 AD2d 134; *People v Williams,* 100 AD2d 760.) Nor is the court permitted, in these circumstances, to make reference to the indictment in order to determine whether the specific acts attributed to defendant during the commission of the prior felony meet the State's requirements, for "the allegations of the accusatory instrument may be referred to when necessary to clarify the statutory charge, to limit or narrow the basis for

the conviction, but they may not be used to enlarge or expand the crime charged." *(People v Gonzalez, supra,* at 591; *see, People v Olah,* 300 NY 96, 98.)

For purposes of serving as a predicate felony, the Federal conviction upon which the court below relied suffers from a further infirmity, namely, that imposition of sentence thereon may have occurred more than 10 years before the commission of the New York felony. Defendant was sentenced for the prior felony on June 27, 1975. The indictment in the New York crime charges that defendant's criminal acts took place "from in or about June, 1985 to on or about July 18, 1985". Since this period includes dates beyond June 27, 1985, which would exceed 10 years from the date of the Federal conviction, the People have failed to establish that the terms of Penal Law § 70.06 (1) (b) (iv) have been met.

Accordingly, defendant was improperly sentenced as a predicate felon, and we vacate the sentence and remand the matter for resentencing. In light of this determination, we do not reach the remaining issue, which defendant raised for consideration solely in the event that predicate felony status is affirmed. Concur—Sandler, J. P., Ross, Kassal and Ellerin, JJ.