■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RODRIGUEZ, Also Known as JULIO SOSTRE-SANTOS, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J., at plea and sentence), rendered March 28, 1984, convicting defendant, upon his guilty plea, of burglary in the second degree and sentencing him, as a persistent violent felony offender, to a term of eight years to life imprisonment, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, to vacate the sentence and the matter remanded for resentencing, and otherwise affirmed.

Defendant contends, and the People concede, that he was

improperly adjudicated a persistent violent felon and sentenced as such because his 1972 conviction of armed robbery in Massachusetts cannot serve as a predicate violent felony conviction for the purposes of New York's enhanced sentencing statute. To constitute a predicate violent felony, an out-of-State conviction must be "of an offense * * * which includes all of the essential elements" of such a felony offense in New York (Penal Law § 70.04 [1] [b] [i]; § 70.08 [1]). There is nothing in the Massachusetts statute or indictment to indicate that defendant's conviction of armed robbery in that State would necessarily satisfy New York's Penal Law definition of a violent felony. *(See, People v Gonzalez,* 61 NY2d 586, 589-591 [1984].)

The Massachusetts law under which defendant was convicted requires that the perpetrator be armed with "a dangerous weapon" (Mass Gen Laws Annot, ch 265, § 17). That term has been defined by the Massachusetts courts to include instruments which may reasonably be perceived as having the "apparent ability to inflict harm" *(Commonwealth v Tarrant,* 367 Mass 411, 416, 326 NE2d 710, 714 [1975]; *Commonwealth v Nicholson,* 20 Mass App 9, 477 NE2d 1038, 1044 [1985]). Under New York law, however, the defendant must · either display what appears to be a firearm (Penal Law § 160.10 [2] [b]; § 160.15 [4]), be armed with a "deadly weapon" (Penal Law § 160.15 [2]), or use or threaten the immediate use of a "dangerous instrument" (Penal Law § 160.15 [3]) in order to be convicted of an analogous violent felony—i.e., robbery in the first or second degree. Under New York law, a "dangerous instrument" is not merely one which *appears* to be dangerous but one which, in fact, "is *readily capable* of causing death or other serious physical injury" (Penal Law § 10.00 [13] [emphasis added]).

Although defendant did not raise this issue prior to sentence, we reach it as a matter of discretion and in the interest of justice *(People v Tilman,* 114 AD2d 799 [1st Dept 1985]; *People v Love,* 111 AD2d 134 [1st Dept 1985]). Inasmuch as the Massachusetts armed robbery conviction may not, in these circumstances, be used as a predicate violent felony conviction, we vacate the sentence imposed and remand the matter for resentencing. Concur—Milonas, J. P., Kassal, Rosenberger, Wallach and Smith, JJ.