■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIGI BAJRAKTARI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered October 23, 1986, convicting him of murder in the second degree and arson in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, a new trial is ordered, and a new hearing is ordered on that branch of the defendant's omnibus motion which was to suppress identification evidence to the extent that the court should determine whether an in-court identification of the defendant by Diana Correa is admissible based upon the existence of by an independent source for that identification.

Several errors committed at the trial denied defendant his right to a fair trial and, accordingly, a new trial is required.

Initially, we find that the trial court erred when it allowed the Fire Marshal to testify that the fire was deliberately set. Such testimony "invades the jury's exclusive province of determining an ultimate fact issue in the case" *(People v Abreu,* 114 AD2d 853, 854; *see, People v Koullias,* 96 AD2d 869). Also, the trial court improperly allowed Officer Waller to bolster the showup identification of the defendant by the witness Timothy Johnson *(see, People v Trowbridge,* 305 NY 471).

We agree with the defendant that the suppression court erred in ruling that Diana Correa, who did not testify at the *Wade* hearing, would be permitted to make an in-court trial identification of the defendant, notwithstanding an impermissibly suggestive showup. According to *People v Riley* (70 NY2d 523, 531-532, citing *People v James,* 67 NY2d 662, 664), "[w]hen an eyewitness does not testify at a suppression hearing involving identification, the trial court lacks the basis to make a finding as to whether an independent source exists for an in-court identification untainted by a prior suggestive viewing". Furthermore, evidence adduced at trial may not be used to correct omissions or fill gaps in pretrial prerequisites *(People v Dodt,* 61 NY2d 408; *see also, People v Giles,* 73 NY2d 666).

In the case at bar, although the court found the showup identification of the defendant by Ms. Correa was impermissibly suggestive, it determined over the defendant's objection that an independent source for Ms. Correa's identification of the defendant existed. This was error in view of the fact that Ms. Correa did not testify at the *Wade* hearing and thus, there was no basis for finding an independent source.

There remains, therefore, the question of corrective action as to any proposed in-court identification upon retrial. Under the circumstances, we follow the corrective action set forth in *People v Riley (supra,* at 532), and direct that the defendant "may have a new independent source" *Wade* hearing, which shall include the testimony of Diana Correa.

We have considered the defendant's remaining contentions and find them to be either academic, in light of this determination, or unpreserved for appellate review. Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.