(October 24, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY LEEMONT, Appellant.—Judgment of the Supreme Court, New York County (Howard Bell, J.), rendered April 9, 1986, convicting defendant, after jury trial, of two counts of robbery in the first degree, adjudicating him a persistent violent felony offender pursuant to section 70.08 of the Penal Law, and sentencing him to two concurrent terms of 12 years to life, unanimously reversed, on the law and the facts and as a matter of discretion in the interest of justice, and the matter remanded for resentencing as a persistent felony offender pursuant to section 70.10 of the Penal Law or as a second felony offender pursuant to section 70.06 of the Penal Law.

Upon this appeal, defendant challenges only his adjudica-

tion as a persistent violent felony offender. Defendant contends, and the People concede, that none of the crimes for which defendant was convicted in the State of New Jersey—robbery while armed (NJ Stat Annot §§ 2A:141-1, 2A:151-5 [since repealed]), assault with a dangerous weapon (NJ Stat Annot § 2A:90-3 [since repealed]) and entering (NJ Stat Annot § 2A:94-1 [since repealed])—is equivalent to a violent felony under the laws of this State *(People v Gonzalez,* 61 NY2d 586, 589).

Robbery while armed is defined as the forcible taking of property (NJ Stat Annot § 2A:141-1) for which an enhanced punishment is provided when committed while merely in *possession* of a firearm, whether loaded or unloaded, or other dangerous instrument (NJ Stat Annot § 2A:151-5). Defendant was twice convicted of this crime, first in 1971 and later in 1978. The People concede that upon a review of the accusatory instruments, the crime charged does not involve the actual display of a pistol and therefore does not constitute a violent felony in New York pursuant to Penal Law § 160.10 *(People v Tilman,* 114 AD2d 799).

Assault with a dangerous weapon employs the following statutory language: "Any person who willfully or maliciously assaults another with an offensive weapon or instrument, or by menace, force or violence demands of another any money or personal goods and chattels, with intent to rob such other person, is guilty of a high misdemeanor" (NJ Stat Annot § 2A:90-3 [since repealed]). Defendant was convicted of this crime in 1978. This court has held that the assault with an offensive instrument clause falls short of the requirements of a violent felony under the laws of this State because the essential element of physical injury, or intent to cause physical injury, is lacking *(People v Scott,* 111 AD2d 45). The second clause of the New Jersey statute is equivalent to attempted robbery in the third degree *(supra,* at 46), which is not a violent offense. Therefore, whatever the basis for defendant's conviction on this charge, it cannot serve as the basis for sentencing as a persistent violent felony offender.

As to the crime of entering (NJ Stat Annot § 2A:94-1 [since repealed]), for which defendant was also convicted in 1978, the People concede that this statute is equivalent to burglary in the third degree (Penal Law § 140.20), a nonviolent felony. While the People point out that defendant did not contest the use of these convictions as predicate violent felonies at trial and, thus, did not preserve the issue for review *(People v Smith,* 73 NY2d 961), we have nevertheless entertained the

appeal in the interests of justice *(People v Kilpatrick,* 143 AD2d 1).

Finally, defendant's contention that, in any event, the convictions may not be considered predicate violent felonies because they were obtained prior to enactment of CPL 400.15 (eff Sept. 1, 1978), providing for violent felony offender status, is without merit. This argument was considered and expressly rejected by the Court of Appeals in *People v Morse* (62 NY2d 205, 216-218). Concur—Murphy, P. J., Kassal, Rosenberger, Ellerin and Rubin, JJ.