■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LUCKERSON, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Sherman, J.), both rendered May 26, 1988, convicting him of arson in the second degree, criminal mischief in the second degree and reckless endangerment in the first degree under Indictment No. 3277/87, upon a jury verdict, and criminally negligent homicide under Indictment No. 3197/87, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that he was denied a fair trial under Indictment No. 3277/87 because the People elicited evidence that he had invoked his right to remain silent upon his arrest *(see generally, People v De George,* 73 NY2d 614; *People v Conyers,* 52 NY2d 454). This issue is unpreserved for review since the defendant did not object to the testimony now challenged on appeal (CPL 470.05 [2]). In any event, the record reveals that the defendant's claim is without merit.

The defendant contends that the expert testimony of a Fire Marshal as to the cause of the fire at the complainant's home usurped the jury's function. The record reveals that the Fire Marshal did not testify that the fire was incendiary in nature or that it was intentionally set. Therefore, the rule that this ultimate question of fact is for the jury to determine was not violated *(see, People v Rivera,* 131 AD2d 518; *People v Maxwell,* 116 AD2d 667).

We find that the court's instruction on circumstantial evidence was adequate *(see, People v Morris,* 36 NY2d 877). Moreover, the court did not err in failing to give an identification charge. The defendant was well known to the witnesses, and there was no substantial identification issue *(see, People v Whalen,* 59 NY2d 273). Even if we were to accept the defendant's contentions with respect to the court's charge, any error would be harmless in view of the overwhelming proof of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). Bracken, J. P., Kooper, Sullivan and O'Brien, JJ., concur.