■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORRIS CAPOBIANCO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 1, 1989, convicting him of arson in the second degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was charged with arson in the second degree, burglary in the second degree, and aggravated harassment emanating from a suspicious fire in the apartment building of his estranged wife and her family. At trial, a fire investigator testified regarding his factual observations during his inspection of the premises, including burn patterns and the fact that the fire originated on the surface of a bed. In response to the prosecutor's query: "And what did you determine the cause of that fire to be, based upon your elimination of natural causes, accidental causes?", the fire investigator gave the following response: "The ignition of combustible materials".

The defense counsel's objection was sustained and the prosecutor requested a bench conference. At the conference, the prosecutor represented that the fire investigator would not testify "that it was arson", since "that's reversible error", but that the fire investigator would testify only that "it was an open flame, combustible material". He also represented that he had instructed the witness not to testify that it was arson. Based on that assurance, the defense counsel withdrew his

objection. Subsequently, the fire investigator testified that the cause of the fire was "the ignition of a combustible material, with an open flame". The prosecutor then asked, "In other words, someone lit the bed on fire?", to which the fire investigator responded, "Yes". The defense counsel immediately objected and moved for a mistrial. The court sustained the objection and struck the testimony. It also gave curative instructions to the jury, but denied the defense counsel's application for a mistrial.

We agree with the defendant that the error committed here was so serious as to warrant reversal, notwithstanding the curative instructions rendered by the trial court. While it is proper to permit testimony that, based on the expert's investigations, the expert had eliminated to a reasonable degree of scientific certainty all possible natural and accidental causes of the fire *(People v Rivera,* 131 AD2d 518), or that the fire was not chemically, mechanically, electrically or naturally caused, thus eliminating all nonsuspect causes *(People v Maxwell,* 116 AD2d 667), it was error to solicit testimony that "someone lit the bed on fire", since that testimony essentially states to the jury that the fire was incendiary in origin or that it was intentionally set *(People v Grutz,* 212 NY 72; *People v Bajraktari,* 154 AD2d 542; *People v Abreu,* 114 AD2d 853).

The error was particularly flagrant in this case in view of the prosecutor's assurance to the defense counsel that such testimony would not be solicited since "that's reversible error". Whether the prosecutor knew it or not, testimony that "someone lit the bed on fire" implicitly conveys to the jury that the fire was arson, a situation which he knew would result in reversible error. Such conduct will not be condoned.

We have considered the defendant's other contentions and find them to be either unpreserved or meritless. Kunzeman, J. P., Harwood, Eiber and Balletta, JJ., concur.