■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAKISHA JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered March 20, 1990, convicting her of murder in the second degree (two counts) and arson in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends correctly that the expert testimony of a Fire Marshal as to the cause of the fire at the complainant's home usurped the jury's function *(see, People v Abreu,* 114 AD2d 853, 854). The Fire Marshal testified that his findings were "consistent with" a bottle of flammable liquid being thrown through the window of the building which was allegedly burned down by the defendant. We find that the Fire Marshal's testimony was not "an appropriate factual observation * * * regarding the condition of the premises which he inspected" *(People v Rivera,* 131 AD2d 518), but in essence confirmed the prosecutor's theory that the fire was deliberately set *(see, People v Koullias,* 96 AD2d 869).

However, due to the overwhelming evidence against the defendant, reversal is not warranted *(see, People v Maldonado,* 157 AD2d 674). In particular, the evidence adduced at the trial revealed that minutes before the fire broke out, two witnesses observed the defendant carrying a soda bottle filled with a brownish liquid. One of the witnesses, the defendant's next-door neighbor, saw the defendant standing outside the building, holding the bottle with a rag in it and threatening to "burn" her aunt, the victim, if she did not let the defendant inside. After the next-door neighbor heard a window break and an explosion, he saw that the defendant was no longer holding the bottle and the second floor window of the brownstone was broken. The defendant later admitted to the next-door neighbor that she threw the bottle because her aunt would not "let [her] get [her] shoes". The other witness, who lived one block away from the defendant, saw the defendant walking down the block and heard her muttering to herself that she was going to "fix" everybody in the house.

Additionally, the trial court's charge on expert testimony

apprised the jurors that they had the power to reject the expert's testimony and that it was their determination of fact which controlled *(see, People v Maldonado, supra; cf., People v Abreu, supra).*

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.