■ In the Matter of RALPH YY., a Person Alleged to be a Juvenile Delinquent, Appellant. ULSTER COUNTY ATTORNEY, Respondent. [596 NYS2d 202] —Crew III, J. Appeal from an order of the Family Court of Ulster County (Peters, J.), entered March 24, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was the subject of a juvenile delinquency petition charging an act which, if committed by an adult, would constitute arson in the second degree (see, Penal Law § 150.15), a class B felony. Following a fact-finding hearing Family Court, having apparently determined that respondent had committed a designated felony act (see, Family Ct Act § 301.2 [8]) and that there was a substantial probability that respondent would not return for the dispositional hearing (see, Family Ct Act § 320.5 [3] [a]), ordered that respondent be detained. Thereafter, a dispositional hearing was held and respondent was placed in the custody of the Division for Youth for 18 months. This appeal by respondent followed.

Respondent contends that there must be a reversal based upon the fire investigator's testimony that the fire was incendiary in origin and that it had been intentionally set. We agree. While it is proper for an expert in an arson prosecution to testify that he or she had eliminated all possible natural and accidental causes of the fire, it is error to solicit testimony that the fire was incendiary in origin or that it was intentionally set (see, People v Capobianco, 176 AD2d 815, 816, lv denied 79 NY2d 825). Indeed, petitioner has candidly conceded that respondent is most probably correct in his assertion that the testimony referred to was erroneously admitted by Family Court. Accordingly, Family Court's determination must be reversed.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.