■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY GOLDBERG, Appellant. [625 NYS2d 664] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered April 13, 1992, convicting him of arson in the second degree and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant correctly contends that the expert testimony of a Fire Marshal as to the cause of the fire at the complainant's home was improperly admitted into evidence *(see, People v Johnson,* 186 AD2d 584; *People v Abreu,* 114 AD2d 853, 854). The Fire Marshal testified that his findings were "consistent" with someone squirting lighter fluid from outside the apartment inward and igniting it. The Fire Marshal's testimony was not "an *appropriate factual observation * * * regarding the condition of the premises which he inspected" (People v Rivera,* 131 AD2d 518), but in essence confirmed the prosecutor's specific theory that the fire was deliberately set *(see,*

*People v Johnson, supra; People v Koullias,* 96 AD2d 869). Although the prosecutor posed these questions as hypotheticals, the testimony still was sufficiently related to the facts of the present case so as to be improper.

However, due to the overwhelming evidence against the defendant, reversal is not warranted *(see, People v Maldonado,* 157 AD2d 674). In particular, the evidence adduced at the trial revealed that the defendant called his wife, the complainant, less than two hours before the fire and threatened to kill her. The defendant also told his wife that he would "fix it" so she did not have a place to stay. Thereafter, at about the time of the fire, the defendant was observed entering the complainant's building and going to her floor. Four days later, the defendant admitted he set the fire to a co-worker of the complainant. A year later, the defendant again admitted that he set the fire when threatening the complainant that he would do something more serious if he had to serve jail time.

Additionally, the trial court's charge on expert testimony apprised the jury that it had the power to reject the expert's testimony and that it was their determination of fact which controlled *(see, People v Johnson, supra,* 186 AD2d 584; *People v Maldonado, supra,* 157 AD2d 674; *cf., People v Abreu, supra,* 114 AD2d 853).

The defendant's remaining contentions are either without merit or unpreserved for appellate review. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.