■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANN M. TRUSCIO, Appellant. [674 NYS2d 558] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her of criminally negligent homicide (Penal Law § 125.10) and 12 counts of assault in the first degree (Penal Law § 120.10 [1]), based upon her injection of insulin into six patients at a hospital where she was employed as a nurse. The People's case was based entirely on circumstantial evidence. We conclude that the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to the conclusion reached by the jury (*see, People v Cabey*, 85 NY2d 417, 421; *People v Williams*, 84 NY2d 925, 926). Thus, we conclude that the evidence is sufficient to support the verdict.

The contention of defendant that she was deprived of a fair trial by the admission into evidence of testimony concerning a prior uncharged arson and evidence regarding the statistical probabilities in this case is not preserved for our review (*see*, CPL 470.05 [2]). In any event, defendant was not thereby deprived of a fair trial. Testimony about the prior uncharged arson was introduced to establish that the motive of defendant in administering insulin to the patients was her need to be thought of as heroic (*see generally, People v Ventimiglia*, 52 NY2d 350). With respect to the statistical evidence, Supreme Court admonished the jury that the opinions expressed by the expert were based upon a number of assumptions and judgments that the jury had to accept before it could consider the expert's mathematical calculations. In addition, the court instructed the jury that it must determine for itself whether defendant is guilty beyond a reasonable doubt. Under the circumstances, the expert testimony did not invade " 'the jury's exclusive province of determining an ultimate fact issue in the case' " (*People v Bajraktari*, 154 AD2d 542, 543, *lv denied* 75 NY2d 963, quoting *People v Abreu*, 114 AD2d 853, 854). (Appeal from Judgment of Supreme Court, Niagara County, Dadd, J.— Criminally Negligent Homicide.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.