■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN NEGRON, Appellant. [721 NYS2d 75] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered July 15, 1998, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was charged with attempted murder in the second degree arising out of an incident in which he allegedly threw paint remover and lit matches at his girlfriend inside their apartment. The defendant did not deny that he was present during the incident, but claimed that the complainant set herself on fire accidentally. At trial, over the defendant's objection, the People were permitted to introduce evidence that, approximately one year after the incident, the defendant set fire to the house of another girlfriend when she was not home. The trial court instructed the jury that the evidence was introduced "solely for the purpose of establishing the identity of the person who set the fire."

The trial court erred in permitting the People to introduce evidence of the subsequent arson for the purpose of establishing the defendant's identity since he did not raise mistaken identification as a defense (*see, People v Torres,* 215 AD2d 702; *People v Sanchez,* 154 AD2d 15, 24; *cf., People v Beam,* 57 NY2d 241). While evidence of the subsequent arson was relevant to negate the defendant's claim that the fire was started accidentally (*see, People v Molineux,* 168 NY 264; *People v Morrison,* 247 AD2d 492), it was not introduced for that purpose with a proper limiting instruction. To the contrary, the trial court's instruction permitted the jurors to draw the inference that the defendant had the propensity to commit the charged crime (*see, People v Alvino,* 71 NY2d 233; *People v Torres,* 155 AD2d 226). Since this error cannot be deemed harmless under the circumstances of this case (*see, People v Crimmins,* 36 NY2d 230), we reverse and grant the defendant a new trial.

The trial court also erred in permitting the People's expert to testify that the complainant's injuries were consistent with "[d]ousing someone with paint thinner onto their person [and] throwing a lighted match onto that person," since this testimony usurped the jury's function of determining the cause of the fire (*see, People v Grutz,* 212 NY 72, 81-82; *People v Goldberg,* 215 AD2d 402; *People v Johnson,* 186 AD2d 584).

The defendant's remaining contentions are without merit. Bracken, Acting P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.