OPINION OF THE COURT
Bernard J. Fried, J.
On January 8, 2003, the defendant, Gary Nelson, pleaded guilty to forgery in the second degree (Penal Law § 170.10), a *643 class D felony, in satisfaction of a multicount indictment. As part of his negotiated plea agreement, the defendant was promised a maximum sentence of one-year imprisonment, which was contingent on the fact that he was not a predicate felon.
Following his plea, but prior to sentencing, the People filed a statement, pursuant to CPL 400.21, alleging that the defendant had previously been subjected to a predicate felony conviction, by virtue of his September 27, 2001 conviction for the crime of “Theft or receipt of stolen mail matter generally’ (18 USC § 1708) in the United States District Court for the Eastern District of Pennsylvania, under Criminal No. 00-497. As a result of this prior conviction, the People now contend that the defendant should be treated by me as a predicate felon, for sentencing purposes, on the ground that his federal conviction is the equivalent to New York’s Penal Law § 165.45 (2), “Criminal possession of stolen property in the fourth degree.”
After considering the claims of both the People and defendant, I conclude that the defendant is not a second felony offender as defined under section 70.06 of the Penal Law.
To determine whether the defendant has earned the label of a predicate felon, the analysis begins with section 70.06 (1) (b) (i), which defines a predicate felon as being “one who has been convicted in another jurisdiction of ‘an offense for which a sentence to a term of imprisonment in excess of one year * * * was authorized and is authorized in this state irrespective of whether such sentence was imposed.’ ” (People v Muniz, 74 NY2d 464, 467 [1989]; William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 70, at 345.) Since New York authorizes sentences exceeding one year for all felonies, I must move on to the second prong of this statutory test, which requires that I conduct an inquiry to determine whether the defendant’s federal conviction has an equivalent felony in New York.
As stated earlier, the People have claimed that the defendant’s federal conviction for the crime of theft or receipt of stolen mail matter generally is, for purposes of predicate felony status, the equivalent to the crime of criminal possession of stolen property in the fourth degree. In determining whether the defendant’s prior federal conviction is also a felony under New York law, the elements of the federal statute must be compared with New York’s felony statute. The federal statute *644 reads, in relevant part, that: “[w]hoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted” is guilty of the crime of theft or receipt of stolen mail matter generally (18 USC § 1708). The Penal Law defines the crime of criminal possession of stolen property in the fourth degree as follows: “when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when * * * [t]he property consists of a credit card, debit card or public benefit card.” (Penal Law § 165.45 [2].)
First, it is apparent that the federal statute is distinguishable from New York’s statute in that it is silent on the element of “intent,” which requires that the defendant have the “intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof.” However, this difference is cured by the holding of the Supreme Court that “when federal statutes codify common-law crimes such as theft, it should be presumed that criminal intent is an element of the offense.” (United States v Coleman, 196 F3d 83, 88 [2d Cir 1999], citing Morissette v United States, 342 US 246 [1952].) Therefore, the intent element is an element of the federal offense of theft or receipt of stolen mail matter generally, even though it is not referred to in the text of the statute.
The federal statute also differs from the New York statute, in that it requires the defendant to unlawfully have in his possession “any letter, postal card, package, bag, or mail, or any article or thing contained therein,” while our statute specifically requires that the stolen property consist of “a credit card, debit card or public benefit card.” The nature of the element of “property” is a critical element of the crime in New York, although it is irrelevant under the federal statute, making it readily apparent that the federal statute is not the equivalent of the New York statute. (E.g., People v Love, 111 AD2d 134 [1st Dept 1985]; People v Gipson, 109 AD2d 1101 [4th Dept 1985].) However, the People have requested that, to cure this discrepancy, the federal accusatory instrument be examined since it specifically alleges that the “stolen mail matter” in count two involved a credit card, which would have constituted an equivalent felony in New York.
As a general rule, the inquiry is limited to a comparison of the elements as they are respectively defined under federal *645 and New York law. However, since “the [federal] statute under which the defendant was convicted renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors if committed in New York,” I may refer to the allegations of the accusatory instrument, but only “to the extent that they isolate and identify the statutory crime of which the defendant was accused.” (People v Muniz, supra at 468.) In other words, the allegations of the accusatory instrument are only relevant in order “to clarify the statutory charge, to limit or narrow the basis for the [defendant’s federal] conviction, but they may not be used to enlarge or expand the [federal] crime charged” against the defendant. (People v Behrman, 141 AD2d 372, 373-374 [1st Dept 1988].)
In referring to the federal indictment, count two alleges that the defendant “did knowingly and unlawfully possess mail matter, that is, Mobil credit cards * * * which had been stolen, taken and abstracted from the United States mail, knowing the credit cards to have been stolen, taken and abstracted.” This reading of the indictment makes it clear that the “mail matter” element of the federal statute was a credit card, which would also constitute a felony under the New York Penal Law. However, as stated in People v Love (supra at 134), “[i]n determining whether the crime was analogous to a felony under our law, it is the essential elements of that crime, as specified in the Federal statute creating it, that are controlling,” and not the nonessential recitals of the accusatory instrument that underlie the statute. For example, in Love (at 134-135), which involved the same federal statute, the First Department held that because “the critical element of specified minimum monetary value of the property stolen [under New York law] is not an element of the Federal crime, that crime cannot be construed as a felony in this State,” regardless of whether the allegations of the federal accusatory instrument met the minimum monetary value requirements of the New York Penal Law. Similarly, since “a credit card” is not an element of 18 USC § 1708, but is an element under section 165.45 (2), the defendant’s federal conviction cannot be construed as being the equivalent of a New York felony, since it is possible for the defendant to have violated the federal statute under circumstances not involving a credit card which would not constitute a felony in New York.
*646 For the foregoing reasons, I conclude that the defendant is not a second felony offender under section 70.06 of the Penal Law.