# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

703

KA 10-02512

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

VINCENT MILLER, DEFENDANT-APPELLANT.

---

DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT.

VINCENT MILLER, DEFENDANT-APPELLANT PRO SE.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 27, 2010. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence by his general motion for a trial order of dismissal at the close of the People's case (*see People v Gray*, 86 NY2d 10, 19). Even assuming, arguendo, that he made a specific objection at that time, we note that he failed to renew his motion after presenting evidence and thus failed to preserve his challenge for that reason as well (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, the evidence is legally sufficient to support the conviction inasmuch as the People established that defendant, who was incarcerated, knowingly possessed "dangerous contraband" in violation of Penal Law § 205.25 (2).

Defendant likewise failed to preserve for our review his challenge to the testimony of a correction officer, inasmuch as he failed to raise a specific objection to that testimony at trial (*see* CPL 470.05 [2]; *People v Huebert*, 30 AD3d 1018, 1018, *lv denied* 7 NY3d 813). We nevertheless conclude that County Court did not err in admitting that testimony inasmuch as the correction officer testified based upon personal knowledge and did not offer any opinion concerning ultimate factual issues that were "more properly within the province of the jury" (*People v Rivera*, 212 AD2d 1040, 1041, *lv denied* 85 NY2d

979; *see generally People v Truscio*, 251 AD2d 966, 967, *lv denied* 92 NY2d 986).  There also is no merit to defendant's contention that the court erred in precluding evidence of defendant's prior prison disciplinary hearing inasmuch as such evidence was irrelevant and may merely have confused the jurors (*see People v Venditto*, 171 AD2d 952, 953-954, *lv denied* 78 NY2d 1130).  The sentence is not unduly harsh or severe.

Contrary to defendant's contention in his pro se supplemental brief, he was not deprived of effective assistance of counsel based on the failure of defense counsel to move to dismiss the indictment on the ground that defendant was deprived of his right to appear before the grand jury pursuant to CPL 190.50 (5) (c).  Indeed, the record establishes that defendant was transported to the grand jury proceeding and that, after being provided with the opportunity to consult with defense counsel, defendant elected not to testify. Furthermore, we conclude that defense counsel's preparation for trial was more than adequate, and we reject defendant's contention that he did not receive meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  We have reviewed defendant's remaining contentions in his main and pro se supplemental brief and conclude that they are without merit.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court